THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EMMA MARTIN, Defendant.
CHARLES W. BERRY, as Comptroller of the City of New York, Appellant; CHARLES LANGE, Respondent.

First Department, April 5, 1929.

*Henry J. Shields* of counsel [*J. Joseph Lilly* and *George H. Cowie* with him on the brief; *George P. Nicholson, Corporation Counsel,* attorney], for the appellant.

*Harry H. Bernstein* of counsel [*Frank J. Ricca,* attorney], for the respondent.

McAvoy, J.    Emma Martin was arrested on a charge of vagrancy, and on December 10, 1927, Charles Lange deposited $500 in cash as bail to secure her release from custody.   The bail so pledged was forfeited on December 16, 1927, because of the failure of the principal Martin to appear.   Thereafter she was surrendered and on November 7, 1928, she pleaded guilty to the charge of vagrancy. The district attorney of New York county issued a certificate on December 27, 1928, that the People of the State of New York had lost no rights by reason of the failure of the surety to produce the principal according to the requirements of the bail bond.

This proceeding was commenced on January 21, 1929, for the refund of the forfeited bail.   The comptroller of the city of New York did not submit any affidavit in opposition to the motion,

but relied for its denial upon the provision of section 598 of the Code of Criminal Procedure, as amended by chapter 478 of the Laws of 1926.

The court at Special Term granted the motion to direct repayment of the bail moneys herein and issued a peremptory mandamus order to the comptroller commanding the refund.

Since the refund of forfeited bail is a purely statutory remedy the statutory prescriptions must be adhered to without variation.

The statutory provision in New York State is section 598 of the Code of Criminal Procedure. That section was amended in 1926 (Laws of 1926, chap. 478). Such amendment raises the point urged upon this appeal. The section reads as follows:

" § 598. Application for remission of forfeiture; how made and granted. The application must be made within one year after the forfeiture of such undertaking or deposit is declared upon at least five days' notice to the district attorney of the county served with copies of the affidavits and papers on which it is founded, and can be granted only upon payment of the costs and expenses incurred in the proceedings for the enforcement of the forfeiture."

The amendment was first construed by final authoritative ruling in *People* v. *Cohen* (245 N. Y. 419), where it was decided that it had no retroactive effect. But evidently the Legislature intended that the amendment was to be strictly construed as to prospective bail bonds in respect of the time limit therein provided. The object sought was to bring about a speedy trial of persons charged with offenses, and their conviction if guilty thereof, at least before the period of a year elapsed from the forfeit of the bail, the penalty, if bail were allowed to be forfeited, being the loss of the amount of bail. The district attorney may certify that the State has not lost any rights in the particular action because of the delay, but such certificate does not override the rule of the section quoted that one year is the time limit in which the application may be made.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied.