Fuld, J.
Our dissenting brethren take the position that the trial judge has an uncontrolled discretion to refuse to approve a defendant’s application for a waiver of a trial by jury. We read the constitutional amendment (N. Y. Const., art. I, § 2), *353 which provides for such a Avaiver, quite differently.[1] The provision is designed for the benefit of the defendant. When, choosing to be tried by a judge alone, he requests a waiver, he is entitled to it as a matter of right once it appears to the satisfaction of the judge of the court having jurisdiction that, first, the waiver is tendered in good faith and is not a strategem to procure an otherwise impermissible procedural advantage — such as, for instance, a separate trial on an indictment involving several defendants jointly charged with the commission of crime (People v. Diaz, 10 A D 2d 80, affd. 8 N Y 2d 1061) — and, second, that the defendant is fully aware of the consequences of the choice he is making. The requirement that the judge give his “ approval ” to the waiver was intended, in the words of Judge Sears, the proponent of the proposal at the Constitutional Convention, solely “to assure [the defendant] * * * full opportunity to understand what he is doing” (N. Y. State Constitutional Convention, 1938, Rev. Record, Yol. II, p. 1274, also pp. 1276-1286).
An accused who admits his guilt, and does so with full appreciation of his act, may not be compelled to stand trial against his will. And, if this be so, certainly, a defendant may not be forced to a trial before a jury if it sufficiently appears that his election to be tried without one was made knowingly and understandingly, based on an intelligent, informed judgment. Since in this case there is no doubt that the defendant was thoroughly aware of what he was doing, and no question exists as to his good faith in seeking a nonjury trial, the judge had no alternative but to approve the waiver requested and sanction a trial Avithout a jury.
The order appealed from should be affirmed.
Chief Judge Desmond (dissenting). When in 1938 there was voted into our State Constitution (art. I, § 2) a limited permis *354 sion for jury trial waivers by defendants in noncapital criminal cases, the Convention and the People were careful not to give these defendants a full and free choice between jury and a non-jury trial. Instead there was carved out a narrow, cautious exception to the basic rule that: ‘ ‘ Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever”. The quoted language was left in section 2 of article I to make it clear that jury trial was still to be an “ inviolate ” and inalienable right (Cancemi v. People, 18 N. Y. 128, 138). The only change was to accord a partial privilege of waiver to be exercised in one specified manner only: that is, “ by a written instrument signed by the defendant in open court ’’with the “ approval ” of the Judge. There is no suggestion of any intention to give to a defendant, already equipped with the right to a jury trial, another and opposite “ right ” to be tried before a Judge alone. On the contrary, there is express provision not only that the waiver must be in writing and signed in open court but it must additionally have the “ approval” of the Judge. To the voters who ” approved ” the new Constitution these words must have meant just what they said. ‘ ‘ Approval ’ ’ of the waiver had the same meaning as il approval ” (N. Y. Const., art. XIX, §§ 2, 3) of constitutional amendments themselves. Approval” in all these instances means a final vote or choice one way or the other, not a reviewable decision. ” Approval ” is not a step or stage in a judicial process but is a certificate of acceptability, a final expression of favorable view produced by independent judgment and subject to no limitation (Matter of City of New York [East 177th St.], 239 N. Y. 119, 130; Matter of Broderick v. City of New York, 295 N. Y. 363, 371; and see Webster’s Third International Dictionary).
In People v. Carroll (3 N Y 2d 686, 689, 690) we commented on the clarity of the jury waiver provision. ‘ ‘ Approval ’ ’ is indeed a plain clear word which should be immune from nuances and glosses.
Some language is quoted from the Appellate Division opinion in People v. Diaz (10 A D 2d 80), a case where we affirmed without opinion (8 N Y 2d 1061). If Diaz is to be a guide here it should point to reversal, not affirmance. Diaz attempted to waive a jury trial but approval was denied by the court because he was *355 up for trial on a joint indictment with others. Now it is being argued that a criminal trial defendant has an absolute right to waive, a theory which is hardly consistent with the Dias determination that the attempted waiver by Diaz could be refused approval because it was not convenient to give Diaz a nonjury trial while his co-indictees were being tried by jury.
The order should be reversed and the conviction reinstated.
Judges Burke and Foster concur with Judge Fuld; Judge Van Voorhis concurs in result upon the ground that it was an abuse of discretion to deny approval to the defendant’s waiver of a jury trial in this case; Chief Judge Desmond dissents in an opinion in which Judges Dye and Scileppi concur.
Order affirmed.

. Insofar as relevant, section 2 of article I of the New York Constitution reads as follows: “ Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever * * *. A jury trial may be waived by the defendant in all criminal eases, except those in which the crime charged may be punishable by death, by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense.”