Keating, J.
Bernard Rohrlich was convicted, after a trial by jury, of robbery in the first degree, grand larceny in the second degree and assault in the second degree. The judgment of conviction was affirmed by the appellate courts of this State and certiorari was denied by the Supreme Court of the United States.
Some six years after his conviction, Rohrlich brought on a petition for a writ of habeas corpus, alleging that the failure of the court to grant his request to waive a jury trial constituted a fatal jurisdictional defect in that it violated his rights under section 2 of article I of the Constitution of the State of New York. The issue raised in his petition, though abandoned on his direct appeal, was in fact raised at the outset of his trial when his attorney excepted to the Trial Judge’s decision refusing the relator’s request on the ground that the Judge needed the aid of ‘ ‘ twelve citizens to tell me what the facts are ”.
The relator brought on two petitions for writs of habeas corpus. Both were dismissed by the Supreme Court (Special Term). The Appellate Division (Second Department) affirmed. The relator appeals by leave of this court.
On this appeal the petitioner alleges that the trial court deprived him of a fundamental constitutional right in denying his motion to waive his right to a trial by jury, and that under our decision in People ex rel. Keitt v. McMann (18 N Y *300 2d 257) habeas corpus is the proper remedy. Section 2; of article I of the New York State Constitution provides: “ Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law * * * A jury trial may be waived by the defendant in all criminal cases, except those in which the crime charged is punishable by death, by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense. The legislature may enact laws, not inconsistent herewith, governing the form, content, manner and time of presentation of the instrument effectuating such waiver.”*
Prior to the adoption of the latter portion of this provision, it was not possible for a defendant in a criminal case to waive his right to a trial by jury. (Cancemi v. People, 18 N. Y. 128; People v. Cosmo, 205 N. Y. 91.) The basis of these decisions was that the right to a trial by jury was so fiindamental and so essential to the protection of the defendant’s rights that it could not be waived. Indeed, the present constitutional amendment carries forth that philosophy to the extent that it makes no provision for waiver of a right to trial by jury in capital cases. And we have been scrupulous in enforcing compliance with the waiver provisions in those cases in which waiver is permissible. (See People v. Ryan, 19 N Y 2d 100.)
The amendment permitting waiver of trial by jury ‘‘by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense ” does not clearly define the nature of the defendant’s right to waive a jury trial. Does he have an absolute right to waive and, therefore, is the provision for the approval of the Trial Judge merely to insure an intelligent waiver? Or does the Judge have discretion to deny.the defendant permission to waive his right and, if so, what is the extent of his discretion?
Since the passage of the amendment the rule which has evolved from the cases is that the requirement of judicial approval is designed to insure that the defendant’s waiver is *301 a knowing and intelligent one and that the discretion of the Trial Judge to deny a defendant’s request to waive a .jury trial is limited to those cases in which some “ compelling ground arising out of the attainment of the ends of justice ” requires that the request be denied. (People v. Duchin, 16 A D 2d 483, 485, affd. 12 N Y 2d 351.) Thus, where the defendant is requesting judicial approval to waive a trial by jury with the intent of securing some unfair ‘ ‘ procedural advantage — such as, for instance, a separate trial on an indictment involving several separate defendants jointly charged with the commission of crime ’ ’, the request may properly be denied. (People v. Duchin, 12 N Y 2d 351, 353, supra; People v. Dias, 10 A D 2d 80, affd. 8 N Y 2d 1061.)
The refusal of the Trial Judge in the case at bar to grant the relator’s request to waive a jury trial clearly does not come within the rule which has evolved. The constitutional amendment authorizing a waiver with the approval of the Trial Judge was never intended to empower the Trial Judge to refuse a requested waiver merely because, in a disagreeable case, he desires to be exempted from the responsibility of passing on the facts. There is, therefore, no question that, if this were a direct appeal from the judgment of conviction, the error would constitute ground for reversal. (People v. Duchin, supra.)
The relator, however, did not raise the .question on a direct appeal. Instead, some pix years after his conviction, he sought to attack collaterally his judgment of conviction. Since there is no question that the court had jurisdiction of the person of the defendant and had jurisdiction to try the offense, the question we must answer is whether the defendant’s petition comes under the extension of the scope of habeas corpus announced by us in People ex rel. Keitt v. McMann (supra).
In Keitt, Judge Scileppi, speaking for the court, wrote (p. 262) that habeas corpus “is an appropriate proceeding to test a claim that the ■ relator has been deprived of a fundamental constitutional or statutory right in a criminal prosecution ”. It is not a proper proceeding, he noted, to gain review of mere errors not raised at the trial or to review again errors previously considered on direct appeal.
The history of our jurisprudence reveals that the fundamental right is the right to a trial by jury. In light of the history of *302 the amendment in question and the procedure ■ outlined to insure that the waiver is properly made, it would be incongruous to hold that a defendant, who has been forced to have his guilt determined by a jury, has been deprived of a fundamental right. It is quite true that the Constitution makes provision for a waiver of the right to a trial by jury, but, in determining whether to permit a defendant to attack collaterally a judgment of conviction years after his trial on the basis of an error which was not raised on the direct appeal, the test should be whether the violation of the defendant’s constitutional or statutory right was such as to affect the “integrity of the fact-finding process ” (Linkletter v. Walker, 381 U. S. 618, 639) and deprive the defendant of a fair trial. The denial of a request to waive a jury trial is not such a violation. (Cf. Singer v. United States, 380 U. S. 24.)
In the case at bar, however, the defendant alleges that, due to the pretrial publicity, his right to a fair trial by a jury was prejudiced. If the relator did not receive a fair trial because of prejudicial pretrial publicity, this fact alone would entitle him to a writ of habeas corpus, independent of the question of the denial of his request to waive a jury trial.
In People v. Sepos (16 N Y 2d 662, 663) we held that allegations of prejudicial pretrial publicity contained in a coram nobis petition would, if proven, entitle the defendant, who had pleaded guilty, to collateral relief- — the exact nature of which we were not prepared to enumerate. Our decision in Keitt (supra) makes it clear that habeas corpus is a proper remedy. Beading the allegations contained in the relator’s petition in this case, it appears to us that he should, at least, be given a hearing to establish, if he can, his allegation that he could not and did not receive a fair trial because of the pretrial publicity.
For the reasons stated, the order of the Appellate Division should be reversed and the case remanded for a hearing.
Chief Judge Fuld and Judges Burke and Breitel concur with Judge Keating; Judges Van Voorhis, Scileppi and Bergan dissent and vote to affirm.
Order reversed and matter remitted to Special Term for further proceedings in accordance with the opinion herein.

 The relator did not formally submit- a written waiver.