THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PUBLIC SERVICE MUTUAL INSURANCE Co., Appellant, et al., Defendant. PETER J. RABITO et al., Appellants.

First Department, November 20, 1973.

*Harry Salvan* for Public Service Mutual Insurance Co., appellant.

*Stephen A. Russo* of counsel (*Russo, Dubin & Goldberg,* attorneys), for Peter J. Rabito and another, appellants.

*Anthony J. Girese* of counsel (*Michael R. Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* This is an application pursuant to CPL 540.30 for remission of a bail forfeiture. The proceeding was instituted by the surety on its own behalf and on behalf of its indemnitors. The defendant was arrested on June 15, 1971, pursuant to an indictment handed down June 4, 1971, charging him with murder. On March 1, 1972, defendant was released on bail fixed in the sum of $100,000. Bail was supplied by the surety which in turn received security from the indemnitors in this action and certain others. They are described as friends and neighbors of the defendant.

Between March 1, 1972, and July 5, 1972, defendant had appeared in court some four times, and on each occasion trial was adjourned for reasons that do not appear. On the last occasion trial was set for July 5, 1972. It is the claim of petitioners that on the preceding day, July 4, defendant was kidnapped by two unidentified men while coming out of his mother's house, and forced into a waiting automobile. Several witnesses testified to the incident. Defendant has not been seen since. The automobile has been found and the physical evidence of its contents and condition is far from conclusive as to what happened.

All the known facts were explored at a hearing and the Trial Judge denied the application. We cannot say that he was in error. The facts and circumstances are susceptible of two conclusions — that defendant was abducted and possibly executed, or that he adopted this means of escape on the eve of his trial. The trial court took the latter view. This certainly was not an abuse of discretion (*People* v. *Peerless Ins. Co.,* 21 A D 2d 609; *People* v. *Licenziata,* 230 App. Div. 358).

We are asked, in the alternative, to allow a renewal of the application if at any time proof can be adduced that the defendant was in fact killed in or after the alleged abduction. We would be inclined to do so, but it is beyond our power. This would be a new application upon additional facts (*People* v. *Dellamura,* 28 N. Y. S. 2d 584). As such it would be barred by the one-year Statute of Limitations (CPL 540.30, subd. 2; *People* v. *Martin,* 225 App. Div. 572). There appears to be no way in which this time can be extended (*Matter of White,* 41 Misc 2d 994). It has been held since the enactment of the statute (now CPL 540.30) that it must be strictly construed and bail remitted only in accord with its terms (*People* v. *La Monica,* 14 A D 2d 759).

The order of the Supreme Court, entered May 17, 1973 in New York County, should be affirmed without costs or disbursements.

McGIVERN, J. P., MURPHY, LANE, STEUER and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on May 17, 1973, unanimously affirmed, without costs and without disbursements.