■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HANDY JOHNSON, Appellant.—Judgment, Supreme Court, Bronx County, rendered on April 17, 1978, affirmed. Concur—Sullivan, Lane, Lupiano and Lynch, JJ.

Fein, J. P., dissents in a memorandum as follows: Defendant appeals from a judgment convicting him following a nonjury trial of assault in the first degree (two counts) and imposing concurrent indeterminate sentences of 0 to 7 years. The issue is whether there was error in the procedure followed by the court in approving defendant's waiver of a jury trial. The constitutionally guaranteed right to a trial by jury in a criminal action is fundamental (US Const, art III, § 2, cl 3; US Const, 1st Amdt; NY Const, art I, § 2; *Duncan v Louisiana,* 391 US 145; CPL 260.10). Until relatively recently it could not be waived *(People v Cosmo,* 205 NY 91; *Cancemi v People,* 18 NY 128). Waiver became possible after *Patton v United States* (281 US 276) and

the 1938 Amendment to the New York State Constitution permitting a waiver in writing signed by the defendant in person in open court in the presence and with the approval of the court. (NY Const, art I, § 2; CPL 260.10, 320.10, subds 1, 2.) CPL 320.10 (subd 2) provides: "2. Such waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court. The court must approve the execution and submission of such waiver unless it determines that it is tendered as a stratagem to procure an otherwise impermissible procedural advantage or that the defendant is not fully aware of the consequences of the choice he is making. If the court disapproves the waiver, it must state upon the record its reasons for such disapproval." It is plain that the statute requires that the defendant be fully aware of the consequences of the choice he is making. The waiver must be a knowing and intelligent waiver (People ex rel. Rohrlich v Follette, 20 NY2d 297; People v Duchin, 12 NY2d 351, 353). The requirement of judicial approval and of executing the waiver in the presence of and with the approval of the court was intended "to assure [defendant] full opportunity to understand what he is doing" (People v Duchin, supra, p 353). In short, it is not sufficient that the defendant merely executed the waiver in the presence of the court. Here, although the court did require the signing of the waiver in open court by both defendant and his counsel, the record establishes there was no inquiry whatever as to whether defendant understood the consequences of the waiver: "COURT CLERK: Do you have an application? MR. CHANCE [Defense Counsel]: Right. If your Honor pleases, the defendant at this time indicates to me that he wishes to waive the jury and have it be tried by the court. THE COURT: All right, jury waived—without a jury. MR. BERNSTEIN [Assistant District Attorney]: Yes, your Honor. I think a formal written waiver has to be executed. THE COURT: Do you have a formal— MR. CHANCE: There is a formal one, Judge. All I have to do is sign it. MR. BERNSTEIN: I think the defendant has to sign it. THE COURT: All right. Do you have the form of waiver? Has he executed it—the form? COURT CLERK: We have to get the attorney. Mr. Chance, do you want to sign this? THE COURT: Let the record reflect that both defendant and defense attorney have executed the form of waiver of the jury and signed it in open court." Although there is no catechism defining the procedure to be followed to ascertain whether there is a knowing and intelligent waiver, something more than this pro forma execution of the waiver was required. It is not without significance that in this case the defendant was twice examined by direction of the court to ascertain his competence. Prior to trial, two psychiatrists from the Bronx Court Clinic filed evaluations with the court concluding that the appellant was fit to proceed to trial. Prior to sentencing the court ordered another psychiatric evaluation of appellant. Although appellant was found fit to proceed, the evaluations revealed that appellant was a chronic paranoic schizophrenic in remission at the time of examination; that he was an alcoholic and was in the care of a private psychiatrist. Manifestly only the first psychiatric evaluation was before the court at the time of the jury waiver. However, it was a signpost for inquiry. I subscribe to the view that appellate courts should be loathe to interfere with the exercise of discretion by Trial Judges respecting incidents of trial. However, where so fundamental a right as a jury trial is in issue and the Constitution and the statute prescribe a procedure designed to insure a knowing and intelligent waiver of the right, it must be held that the waiver here was ineffective. Under the circumstances an inquiry by the court, however limited, was a requisite to the court's approval of the waiver. There was none. Accordingly, the .

judgment, Supreme Court, Bronx County, rendered April 17, 1978 should be reversed on the law, as a matter of discretion and in the interest of justice, the waiver of the jury trial vacated and the action remanded for a new trial.