THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK WILLIAMS, Appellant.—Case held, decision reserved and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: In their appeal from judgments of conviction for murder in the second degree (felony murder) (Penal Law, § 125.25, subd 3) and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [2]), arising out of the shooting death of Ozell Williams at the Erie Basin Marina on December 24, 1974, defendants raise several contentions, including: (1) that the court, in its charge to the jury on the question of whether the witness Debra Ann Robinson was an accomplice, unfairly marshaled the evidence so as to deprive them of a fair trial; (2) that the court erred in denying the motion of defendant Williams for a separate nonjury trial; (3) that the court committed error by admitting in evidence on the redirect examination of Debra Ann Robinson and over the objection of defense counsel a statement made by Robinson to the police on October 22, 1976 upon which Robinson had been extensively cross-examined; and (4) that the court erred in denying the defendants' motions to dismiss the charges upon the ground that they had been deprived of their constitutional rights to a speedy trial pursuant to CPL 30.20 and the Sixth Amendment. We find no basis for reversal in the court's marshaling of the evidence. All of the proof pertaining to the question of whether or not Debra Ann Robinson was an accomplice came from the prosecution witnesses. The defendants' case contained no substantive evidence but consisted solely of the testimony of character witnesses. In its charge the court outlined the significant evidence pertaining to the accomplice question, basing its recital largely on the direct testimony of Debra Ann Robinson. The court's omission of certain inconsistencies developed in the cross-examination of Debra Ann Robinson and of other prosecution witnesses was not, in our opinion, so prejudicial as to warrant a reversal. The charge, when read in its entirety, does not reveal the heavily biased recitation of facts favorable to the prosecution present in *People v Bell* (38 NY2d 116) and *People v Williamson* (40 NY2d 1073), where the objectionable marshaling of evidence and omission of testimony favorable to the defendants pertained to factual issues which were in serious dispute and which bore directly on material elements of the crimes charged. Nor does the charge contain any expression of the court's personal opinion as to the credibility of witnesses (cf. *People v Bell,*

*supra,* p 121). Here, the marshaling objected to by defendants was on the collateral issue of Debra Ann Robinson's status as an accomplice. It does not appear that any of the omitted inconsistencies, had they been included, would have been helpful to the defendants on that issue. Moreover we find, contrary to appellants' contentions, that: the court made it abundantly clear to the jury in repeated instructions that the court's marshaling of the evidence was only a recitation of its recollection of the testimony and not a statement of what the facts were; it was the sole province of the jury to decide the factual questions; and the jury should rely only on its own recollection of the evidence. The court properly denied defendant Williams' motion for a separate nonjury trial. Granting the motion would have given Williams a severance and a separate trial—a procedural result and a tactical advantage which defendant could not otherwise have obtained. Under these circumstances we cannot say that the trial court abused its discretion in denying the motion (see CPL 320.10; *People ex rel. Rohrlich v Follette,* 20 NY2d 297; *People v Duchin,* 12 NY2d 351; *People v Diaz,* 10 AD2d 80, affd 8 NY2d 1061; see, also, *People v Davis,* 49 NY2d 114). We find that Debra Ann Robinson's October 22, 1976 statement to the police was properly received in evidence (see Richardson, Evidence [10th ed], § 523; *People v Piazza,* 48 NY2d 151, 165; *Larkin v Nassau Elec. R. R. Co.,* 205 NY 267, 269-271; see, also, *People v Wise,* 46 NY2d 321, 326). Defendants' other contention presents no basis for reversal. We do, however, find it necessary to hold the appeal and remand for a hearing (see CPL 210.45, subd 6) so that findings of fact can be made in connection with defendants' claim that they were denied a speedy trial under CPL 30.20 and the Sixth Amendment (see *People v Taranovitch,* 37 NY2d 442, 444-447). On remand the court's findings should include a determination of the parties' respective responsibilities for the 25-month delay from arrest to trial, the degree of any prejudice which resulted to defendants from the delay, and the length of any pretrial incarceration (see, e.g., *People v Dean,* 45 NY2d 651, 659). (See *People v White,* 72 AD2d 913; *People v Williams,* 67 AD2d 1094, affd after remand 72 AD2d 950; *People v Rivera,* 64 AD2d 815, revd after remand 72 AD2d 922; accord *People v Singer,* 44 NY2d 241, 251-255.) (Appeal from judgment of Erie Supreme Court—felony murder, and another charge.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.