OPINION OF THE COURT
Michael L. Pesce, J.
The People have brought this motion, pursuant to CPL 100.45 (subd 1) and 200.40 (subd 1), for an order directing the consolidation of the instant actions for trial. The defendants, acting in concert with each other, allegedly committed the crimes of sexual misconduct, attempted sexual misconduct, sexual abuse in the third degree and unlawful imprisonment in the second degree. The People contend that consolidation is necessary to spare the complainant, a 14-year-old girl, the ordeal of testifying on three separate occasions, and to save judicial time and expense.
It is argued in the first instance that consolidation would be proper, inasmuch as all three defendants face the same charges. Under the provisions of CPL 200.40 (subd 2), indictments against different defendants may be consolidated for the purpose of a joint trial if they charge the same offenses. (These rules are made applicable to criminal *87 court proceedings in CPL 100.45, subd 1.) Applications for such relief are addressed to the sound discretion of the trial court, which is empowered to consolidate as to some or all of the defendants (CPL 200.40, subd 1). While considerations of judicial and prosecutorial economy must be given their proper weight, courts must also guard against any prejudice to defendants that may arise from a joint trial. Although the arguments presented by the People are persuasive, there is a complication which the People addressed in a most cursory manner.
The possibility exists that youthful offender status will be granted to several of the defendants. At the time this incident allegedly occurred, defendant Rowley was 16 years old, defendant Hydelburg was 17 and defendant Young, 18. Because of the age, each defendant is eligible (as defined in CPL 720.10, subd 1) for possible youthful offender treatment. Since defendants Rowley and Young have no prior criminal record, they would be entitled to mandatory youthful offender status upon conviction (CPL 720.20, subd 1, par [b]). Defendant Hydelburg, however, is not eligible for youthful offender treatment at all, inasmuch as he already has a prior conviction for a class C felony, and has already been adjudicated a youthful offender. CPL 720.10 (subd 2, par [c]) precludes a defendant from being considered an eligible youth where he has previously been adjudicated a youthful offender upon a felony conviction. Therefore, the defendants find themselves in different positions in this very important respect.
This distinction is more than academic, for it has practical consequences which cannot be ignored. CPL 340.40 mandates adjudication through a single Judge trial where the defendant is an eligible youth under the youthful offender statute. As potential mandatory youthful offenders, defendants Rowley and Young must be accorded this right. Defendant Hydelburg, however, is entitled to a jury trial. The People recognize this problem and attempt to address it by advocating the use of a single “bifurcated” trial. At the joint trial envisioned by the People, the jury would sit as the trier of fact with respect to defendant Hydelburg, and the Judge would decide such issues with respect to the two youthful offenders.
*88 Careful examination of the statute and case law yields no authority for a procedure of this nature, and, in fact, the People have cited none. The few cases in the area address themselves to discretionary granting or denial of motions to sever. (See People v Diaz, 10 AD2d 80, affd 8 NY2d 1061; People v Williams, 75 AD2d 717.) This court disdains such a procedure as impractical and unnecessarily prejudicial, and it would go so far as to suggest that a procedure which consolidates the cases involving youthful offenders and nonyouthful offenders is inherently prejudicial. Accordingly, the People must overcome a stringent burden in proving that all defendants will receive a fair trial. This court is not able to conceive such joint trial conducted in a manner that will protect the rights of each defendant. The People have not recommended any method to assure such.
Further, it seems likely that such a procedure would result in unnecessary confusion on the part of all participants in the action, including the jury. The court bases its conclusions on the realities of the courtroom. In practice, the Judge sitting as a trier of fact may use his discretion in hearing evidence that would otherwise be objected to (i.e., hearsay). If the court adopted a single “bifurcated” trial, there would be serious problems with respect to presenting evidence to each trier of fact. The Judge would continually have to take evidence regarding such youthful offender defendants with the jury not present. For all practical purposes, the court would have the continuing burden of limiting counsel in whatever questioning occurred in the presence of the jury.
Second, and more important, the prejudice arising from such a procedure would be difficult to overcome. The importance of protecting their anonymity, a stated purpose of the youthful offender statute, must not be overlooked with respect to having a jury present during their trial.
As to the nonyouthful offender, the prejudice possible in such a procedure is even more difficult to prevent. The constant taking of evidence with regard to the youthful offenders, accomplished outside the purview of the jury, may generate a feeling on their part that they are privy to only a portion of the story. Further, by submitting the evidence against only one defendant to a jury, the strength *89 of the case against that defendant may be magnified in their minds. The prejudicial effect of bringing only one defendant of three before a jury may be insurmountable. Such a procedure would lead the jury to speculate as to why only one defendant is brought before them. The valid explanation that the defendant is not eligible for youthful offender treatment due to his past criminal record would only provoke greater prejudice against him.
In the present case, defendant Hydelburg, the nonyouthful offender, was the only defendant to register his objections to consolidation of the actions. He asserts that it is his intention to call the codefendants as witnesses to his non-participation in the crime. His defense, he argues, would be prejudiced by such a joint trial. The law is clear that the mere assertion of intent to call codefendants as witnesses is insufficient to prevent consolidation. {People v Owens, 22 NY2d 93.) However, in view of this court’s determination that consolidating cases of youthful offenders with those of defendants not entitled to such treatment is prejudicial, this court will accede to the request of defendant Hydelburg for a separate trial.
CONCLUSION
For the reasons set forth above, the People’s motion to consolidate is denied with respect to defendant Hydelburg, and granted with respect to defendants Rowley and Young.