John P. JENNINGS, Petitioner,

v.

Robert ABRAMS, Attorney General of the State of New York, Respondent.

No. 83 Civ. 2961–CLB.

United States District Court, S.D. New York.

June 23, 1983.

Saxe, Bacon & Bolan, New York City, for petitioner.

Mario Merola, Dist. Atty., Bronx County, New York City, for respondent.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By petition heard June 3, 1983, and fully submitted for decision on June 21, 1983, petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The facts are somewhat unusual. All appear from record in this case or in prior state court proceedings. No evidence was required to be taken by this Court.

On or about February 16, 1983, petitioner, a person formerly associated with Sentry Armored Courier Corp. ("Sentry"), was indicted in the Supreme Court of the State of New York, Bronx County, on five charges. These separate indictments, which include co-defendants, followed a burglary at the premises of Sentry, located in Bronx County, resulting in the loss of a very substantial amount of money. Sentry subsequently failed.

On February 18, 1983 in the Supreme Court of the State of New York, Bronx County, petitioner was arraigned and his bail was set in the total sum of $500,000, consisting of $100,000 on each Indictment. Petitioner raised the bail in cash and securities, which he deposited with a bondsman.[1] He was released on bail on a surety bond and remains so.

On March 30, 1983 petitioner's motion for a reduction of bail or release on his own recognizance was denied by the state court, following a hearing.

---

1. This is customary practice to secure bail. In this case, and in many, cash so deposited ceases to earn interest and becomes unavailable to defendant for payment of his costs of living and/or defending. Thus this petition involves more than a mere philosophical dispute. At issue are money and the use of money.

· At the bail review hearing, the state court (Justice Vitale) took the position on the record that because petitioner had furnished the bail as previously imposed, and was thereafter released on bail, the bail as fixed on arraignment was, by that fact alone, not unreasonable. He said (Tr. p. 7):

"THE COURT: I wish to indicate in one sense the bail is not unreasonable. If he were in prison and you were arguing the bail is unreasonable because it's keeping him in prison, I could see a lot of merit, but he's out."

After further colloquy, the Court held (Tr. p. 10):

"THE COURT: The word 'excessive' is the only word that bothers me here because of the fact that . . . he is out. In that [sense] it couldn't be excessive."

Thereafter the application for a reduction of bail was denied.

■■■ The lack of logic in a contention that simply because bail has been set in an amount within reach of a criminal defendant it is *ipso facto* not unreasonable is, or should be, just as apparent as the reverse fallacy, that simply because a defendant cannot furnish the bail as set by the court, it is excessive. Excessiveness of bail is an objective finding to be made according to objective criteria, codified in New York by statute. See New York CPL § 510.30(2)(a). Means is not one of them. These criteria have constitutional underpinnings.

Since the law of New York entitles petitioner to a bail review hearing (due process), and the record shows that an improper and unconstitutional means test was used to determine excessiveness, vel non, rather than following the constitutionally required statutory criteria, this Court would grant the writ, conditioned upon a prompt bail review hearing in state court applying only the statutory criteria for fixing reasonable bail.

However, before doing so, we must advert to the requirement of exhaustion of state remedies, under 28 U.S.C. § 2254(b). The issue of exhaustion is particularly sensitive here, where this federal court is, in effect, being asked to interfere with an ongoing criminal proceeding in a state court. *Cf. Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Petitioner avers, correctly, that no direct appeal to a higher New York State court is available. It is also alleged, and I believe correctly, that an Article 78 proceeding under the New York CPLR is also unavailable. See § 7801(2) which, with an exception not relevant here, bars review under that article of a determination made in a criminal matter. Petitioner takes the position that he has exhausted his state remedies as a matter of law, and that he is sufficiently "in custody" although released on bail, to apply for a federal writ of habeas corpus. To complete his argument on the issue of exhaustion, he also asserts that the State writ of habeas corpus is unavailable because he is "not sufficiently in custody."

On this latter point, the legal issue is not free from doubt. Petitioner cites only *Butts v. Justices, etc.,* 37 A.D.2d 607, 323 N.Y.S.2d 619 (2d Dept.1971) for the proposition that New York habeas relief will not lie in favor of a person admitted to bail. That case contains no independent reasoning, but in turn relies on another lower court opinion, and the memorandum order (no opinion) of the Court of Appeals in *People ex rel. Wilder v. Markley,* 26 N.Y.2d 648, 307 N.Y.S.2d 672 (1970), rendered in a case filed by a parolee.

■■ A person on bail remains under restraint as to his bail limits. In effect he has merely been transferred to a larger jail. The New York Court of Appeals has held that "[w]hen bail is accepted by the State in lieu of the defendant's physical incarceration, the defendant is in effect remanded to the custody of the surety." *People v. Public Service Mutual Ins. Co.,* 37 N.Y.2d 606, 611, 376 N.Y.S.2d 421, 339 N.E.2d 128 (1975). In the instant case, petitioner as a term of his bail has been required to surrender his passport. Because Jennings cannot go to the Moon at his whim, or travel to a

foreign country, or depart from New York,[2] he would seem to be literally within the second half of the New York statutory definition of those who may petition for the Great Writ, found in § 7002(a) CPLR: "A person illegally imprisoned *or otherwise restrained in his liberty.*" (Emphasis added).

Notwithstanding some lower court opinions apparently to the contrary, this Court believes that the New York Court of Appeals would now regard a person on bail as "otherwise restrained," especially where fundamental rights secured by both the New York and United States Constitution are implicated. Confronted with a proper case, *i.e.*, this case, New York would not deny habeas corpus relief simply because the excessive bail had been posted. See *United States ex rel. McCrawford v. Singerman,* 369 F.Supp. 641 (S.D.N.Y.1973).

In broad language going beyond the need of the facts of the case, the New York Court of Appeals has held that habeas corpus "is an appropriate proceeding to test a claim that the relator has been deprived of a fundamental or statutory right in a criminal prosecution." (*People ex rel. Rohrlich v. Follette,* 20 N.Y.2d 297, 282 N.Y.S.2d 729, 229 N.E.2d 419 (1967), quoting only part of the sentence from *People ex rel. Keitt v. McMann,* 18 N.Y.2d 257, 273 N.Y.S.2d 897, 220 N.E.2d 653.)

At least petitioner should be required to try. We are certain that the New York courts are equally devoted as we are to the proposition that where there is a wrong of constitutional magnitude (both state and federal) there is a remedy. Until an effort has been made in the state court to seek that remedy by a logically available means, it would be improvident for us to act, especially where federal intervention in an ongoing criminal prosecution would be the result. *Cf. United States ex rel. Goodman v. Kehl,* 456 F.2d 863 (1972).

The petition is denied solely for want of exhaustion of state remedies as required by 28 U.S.C. § 2254(b). Following exhaustion,

this application may be renewed on these or additional papers.

So Ordered.

---

**2.** The precise terms of Jennings' bail bond with respect to bail limits are not before this Court. Customarily such a bond requires defendant to

remain and reside within the boundaries of New York State.