■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX KOSCHTSCHUK, Appellant.—Judgment unanimously reversed, on the law, and new trial granted. Memorandum: Because the court improperly marshaled the evidence in its charge to the jury and submitted to the jury a court exhibit and verdict sheet which unfairly summarized certain critical testimony, we hold that defendant was deprived of a fair trial.

Defendant was found guilty after a jury trial of four counts of criminal possession of stolen property in the second degree. The charges arose after two trucks, registered and insured in defendant's name, were found on the premises of defendant's friend during a legal police search. The trucks, which were alleged to have been stolen, contained altered or missing vehicle identification number (VIN) plates. At trial, defendant's contention was that he never possessed the vehicles nor was he the true owner of the vehicles, but that they were registered in his name for insurance purposes as an accommodation to a friend. This contention was pursued vigorously and effectively through cross-examination of the People's witnesses and witnesses presented by defendant.

At the close of the trial and at the time it instructed the jury on the law, the court prepared and gave to each member of the jury a court exhibit (exhibit A) denominated "Summary of Testimony of Evidence Concerning VINS" and "Some Dates, Numbers and Miscellaneous Matters". A review of this exhibit (which was in the hands of the jurors during the court's instructions) reveals that it summarizes all of the testimony adduced by the People, completely omitting any references to the weaknesses of the testimony brought out by defendant on cross-examination (see, People v Williamson, 40 NY2d 1073; People v Hollis, 106 AD2d 462). We further observe that some of the information on the exhibit went beyond what had been proved at trial and usurped the fact-finding power of the jury. The record further reveals that in its charge to the jury, which included a reading of court exhibit A, the court marshaled all the evidence introduced by the People that even tended to connect defendant with the vehicles, but the only reference made by the court concerning defendant's position at trial was the general statement that "defendant here interposed a plea of not guilty, which constituted a general denial in [sic] behalf of the defendant of the charges set forth against him". No mention is made in the charge of defendant's theory of the case, nor is any of the evidence adduced by defendant referred to in the charge (see, People v Chambers, 73 AD2d 976).

Although the court must charge the jury concerning the material legal principles applicable to the particular case, and relate the law to the facts as far as practicable, "it need not marshal or refer to the evidence to any greater extent than is necessary for such explanation" (CPL 300.10 [2]). However, if the court undertakes to marshal the evidence, it must do so in an even-handed manner and "care must be taken to guard

against 'the possibility that the stated opinion of the trial court, or even the suggestion of an opinion might be seized upon by the jury and eventually prove decisive' " *(People v Bell,* 38 NY2d 116, 120, quoting *People v Mendes,* 3 NY2d 120, 121; *People v Williamson, supra,* p 1074; *People v Williams,* 75 AD2d 717). If the court has improperly marshaled the evidence, reversal is warranted only when the deficiency is such as to deprive defendant of a fair trial *(People v Culhane,* 45 NY2d 757, 758, *cert denied* 439 US 1047). We conclude that the court's charge here deprived defendant of this right. Although the court exhibit bears a disclaimer and the court, at the outset of the charge, explained that the exhibit should not serve to relieve the jury of its responsibility to make factual findings, neither is sufficient to overcome a patently unbalanced recitation of the facts.

The court further erred in its submission of a "verdict sheet" to the jury. Although CPL 310.20 (2) allows jurors to take with them into their deliberations a "written list prepared by the court containing the offenses submitted to the jury by the court in its charge *and the possible verdicts theron"* (emphasis supplied), the verdict sheet submitted here fails to conform to the statute. Conspicuously absent from this verdict sheet is the possible verdict of "not guilty" on each of the various charges. This exhibit submitted by the court is further infirm in that it not only lists the offenses submitted to the jury, but provides facts alleged and sought to be proved by the People.

We have considered the further arguments urged by defendant on this appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Flynn, J.—criminal possession of stolen property, second degree.) Present—Callahan, J. P., Doerr, Denman and O'Donnell, JJ.