OPINION OF THE COURT
Gloria Goldstein, J.
The question raised in this case is whether a defense attorney may waive a jury on behalf of a defendant being tried in absentia.
Defendant indicted on a charge of criminal possession of a weapon in the third degree failed to appear on the date scheduled for trial. The court had previously apprised defendant of his right to be present at trial and the consequences of nonappearance, making it abundantly clear that the trial *246 would proceed in his absence.[1] Upon his failure to appear, the court issued a bench warrant and subsequently conducted a Parker hearing.[2] (See, People v Parker, 57 NY2d 136.) At the conclusion of the hearing, the court found that the People had made a reasonable effort to locate the defendant, and upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling trial, and the potential that evidence would be lost, determined that trial would proceed.
Immediately prior to trial, defense counsel requested permission to waive a jury and to proceed to trial before the court. Defense counsel argues that defendant is entitled to as effective representation as is possible and that in his opinion, the case should be tried without a jury. He maintains that the defense in this case involves "technical” defenses such as transitory possession[3] which in his opinion are best suited for presentation before a Judge, not a jury. In defendant’s absence, defense counsel argues that he should be entrusted to make certain strategic decisions about his representation, including the decision to waive a jury and thereby select the best forum for the particular defenses available to his client.
The court does not agree.
However advantageous it may be to proceed before a Judge in a given case, the court finds it legally impossible for a defense attorney to waive a jury on behalf of a defendant who has absconded.
The right to a trial by jury is a constitutional right, guaranteed by both the Federal and New York State Constitutions (US Const, art III, § 2, cl [3]; US Const 6th Amend; NY Const, art I, § 2; Duncan v Louisiana, 391 US 145; CPL 260.10).
*247 Until relatively recently, it could not be waived (People v Cosmo, 205 NY 91; Cancemi v People, 18 NY 128). Waiver became possible in New York as the result of an amendment to the State Constitution in 1937. The applicable section of the Constitution as amended in 1938[4] now provides that the right to a trial by jury in criminal cases may be waived "by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense” (NY Const, art I, § 2). The amendment was later codified under CPL 320.10 (2) which embodies its language.
While it can no longer be disputed that as a result of the amendment defendants now have a constitutional right to waive a trial by jury (People v Davis, 49 NY2d 114, 119), the right of waiver remains a narrow exception to the basic rule that "[t]rial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever”. The quoted language was left in section 2 of article I to make it clear that jury trial was still to be an "inviolate” and inalienable right (see, Cancemi v People, supra, at 138).
In order to waive, the language of the 1938 amendment prescribes a formal procedure requiring defendant’s personal consent. The prerequisites to waiver set out in the amendment were intended to insure a knowing, intelligent and voluntary waiver of a fundamental constitutional right (People v Duchin, 12 NY2d 351, 353). Accordingly, the prerequisites must be considered mandatory, not permissive. The New York courts have consistently required strict compliance with each of the constitutional and statutory prerequisites to insure the defendant was fully aware of the consequences of the choice being made (People ex rel. Rohrlich v Follette, 20 NY2d 297). Towards this end, the courts have viewed the right to waive as a specific privilege to be exercised in a specified manner.
In People v Basora (111 AD2d 248), a jury waiver was initially rejected where there was no proof that defendant executed a written waiver.[5] In People v Ryan (19 NY2d 100) and People v Cannady (127 Misc 2d 783) substitution of *248 alternates with defense counsels’ consent but not defendants’ was held to violate defendants’ right to jury trial.
In each of these cases, the court refused to infer waiver of such a fundamental right where there wasn’t full compliance with the constitutional procedures for waiver. A fortiori waiver cannot be inferred solely from defendant’s absence (People v Parker, supra). Moreover, because of the nature of the right, the authority to consent to waiver cannot be delegated to a defense attorney.
"[A] defendant who has a lawyer relegates control of much of the case to the lawyer except as to certain fundamental decisions reserved to the client”. (People v Ferguson, 67 NY2d 383, 390; People v Jordan, 96 AD2d 1060.) In Jones v Barnes (463 US 745), the Supreme Court expressly included the decision to waive a jury as one such decision reserved to the client. In Jones the court stated "It is also recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal” (supra, at 751, citing 1 ABA Standards for Criminal Justice, Defense Function, standard 4-5.2 [2d ed];[6] see also, People v Ferguson, supra, at 389).
Both the history of the constitutional guarantee and the weight of the applicable policy considerations favor conferring on the defendant alone a privilege to waive jury trial. The fact that an absent defendant is precluded from proceeding before a Judge in a case where it may be preferable to do so is unfortunate, but unavoidable. The absent defendant is accorded the historical presumption that a jury trial is his forum of choice (Cancemi v People, supra; People v Diaz, 10 AD2d 80; see, Oppenheim, Waiver of Trial by Jury in Criminal Cases, 25 Mich L Rev 695). The defense attorney may not waive a jury for the benefit of his client any more than he may plead guilty to accept a favorable plea offer for the benefit of his client.
By absconding, a defendant loses a number of valuable rights, including the right to waive a jury.
The application for waiver is denied.

. On the last court date prior to defendant’s absconding, the court advised defendant that his trial date was firm, and that should he fail to appear his case would be tried nonetheless.
The court fully explained to defendant the benefits of being present at trial, including but not limited to assisting his attorney, and if he so desired, testifying on his own behalf.

. In People v Parker (57 NY2d 136), the Court of Appeals held that before a trial in absentia there must be a factual finding that defendant was informed of his right to be present and informed that trial would proceed without him. These factual determinations are addressed in what is now commonly referred to as a Parker hearing.

. Possession of a weapon in certain circumstances, if temporary and for a lawful purpose, is lawful and not punishable as a crime (People v La Pella, 272 NY 81; see also, 1 CJI[NY] 9.65, at 535).

. The original amendment enacted in 1937 simply stated, in pertinent part, that "a jury trial may be waived in the manner to be prescribed by law by the parties in all civil cases and by the defendant in all criminal cases”.

. The matter was remitted for a hearing to determine this question.

. The ABA Model Rules of Professional Conduct provide: "In a criminal case, the lawyer shall abide by the client’s decision * * * as to a plea to be entered, whether to waive jury trial and whether the client will testify” (ABA Model Rules of Professional Conduct rule 1.2 fal).