THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DAVIDSON, Appellant.

Second Department, March 14, 1988

## APPEARANCES OF COUNSEL

*Snitow & Pauley (Franklyn D. Snitow* of counsel), for appellant.

*John J. Santucci, District Attorney (Ivan Vogel* and *Gary Fidel* of counsel), for respondent.

## OPINION OF THE COURT

KOOPER, J.

On this appeal from the denial of the defendant's motion pursuant to CPL 440.10 (1) (h), we are called upon to determine whether a written jury waiver instrument was executed in conformity with applicable constitutional and statutory requisites *(see,* NY Const, art I, § 2; CPL 320.10 [2]). For the reasons that follow, we conclude that the circumstances surrounding the execution of the jury waiver fail to establish compliance with the foregoing requisites and, accordingly, we reverse the order of the Supreme Court and vacate the defendant's judgment of conviction.

I

By Queens County indictment No. 544/84, the defendant was charged with two counts of robbery in the second degree and one count of assault in the second degree arising from a 1983 incident in which a woman was accosted and robbed by two assailants in her Queens apartment building. On August 6, 1984, the defendant executed a written waiver of his right to a trial by jury.[1] After a bench trial, the defendant was convicted of one count of robbery in the second degree and assault in the second degree. This court subsequently affirmed the defendant's conviction *(see, People v Davidson,* 123 AD2d 782, *lv denied* 69 NY2d 826).

Thereafter, the defendant moved pursuant to CPL 440.10 (1) (h) for an order vacating his judgment of conviction. In his affidavit, the defendant averred that before the Trial Justice entered the courtroom his attorney handed him a form and instructed him to sign it without explaining the significance of the jury waiver instrument to him; that his attorney urged him to execute it so as to "save time"; that the court did not question him with regard to the waiver so as to ensure that his action was knowing and intelligent; and that the waiver was not executed in "open court" as required by the NY Constitution, article I, § 2 and CPL 320.10 (2).

---

1. The waiver in question, which is decidedly "bare bones" in terms of its informative content, reads as follows:

"Pursuant to Article I, Section 2 of the Constitution, I _____, the defendant under Indictment No. _____, do hereby waive jury trial on this indictment.

"I do so after consultation with my attorney _____, and with full understanding of the rights which I waive hereby."

In opposition to the defendant's motion, the People submitted an attorney's affirmation executed by an Assistant District Attorney without personal knowledge of the trial proceedings, in which it was argued, *inter alia,* that it could be "inferred" that the defendant's waiver was knowing and voluntary in that he had one prior felony conviction and was, "to a limited extent", knowledgeable of the workings of the criminal justice system, and that the defendant was quite intelligent and articulate as evidenced by his trial testimony and maintenance of his innocence at sentencing. The People did not specifically address the defendant's contention that the waiver was not executed in "open court", although on appeal, the People now concede that the record is "not clear" with respect to this element of the waiver procedure.

Significantly, the sole reference in the record made to the execution of the jury waiver prior to the commencement of defendant's trial occurred when the court clerk called the case, at which time he stated that "the jury waiver has already been signed, Your Honor". Moreover, there is nothing in the record which indicates that the court questioned the defendant in connection with the waiver in order to ensure that his actions were knowingly and understandingly undertaken or that the waiver itself was executed in open court.[2]

The Supreme Court denied the defendant's motion to vacate his judgment of conviction.

## II

Pursuant to NY Constitution, article I, § 2, a jury waiver must be "a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense". CPL 320.10 (2) similarly provides, in pertinent part, that "[s]uch waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court".

---

**2.** In his affirmation supporting the defendant's application for leave to appeal, the defense counsel advised that prior to the oral argument of the defendant's direct appeal before this court, the Assistant District Attorney representing the People "had ordered transcripts of prior proceedings in order to determine if the court had made a proper record for the jury waiver". The defense counsel further stated—and the People did not dispute—that the minutes subsequently obtained made no reference to a jury waiver by either the court or the defendant's trial counsel.

Prior to the adoption of the foregoing constitutional provision, "it was not possible for a defendant in a criminal case to waive his right to a trial by jury" *(People ex rel. Rohrlich v Follette,* 20 NY2d 297, 300, citing *Cancemi v People,* 18 NY 128; *People v Cosmo,* 205 NY 91). The rationale underlying these decisions "was that the right to a trial by jury was so fundamental and so essential to the protection of the defendant's rights that it could not be waived" *(People ex rel. Rohrlich v Follette, supra,* at 300). Indeed, the Court of Appeals has stated that "[t]he history of our jurisprudence reveals that *the* fundamental right is the right to *a trial by jury" (People ex rel. Rohrlich v Follette, supra,* at 301 [emphasis in original]). The *Rohrlich* court further observed that "the present constitutional amendment carries forth that philosophy to the extent that it makes no provision for waiver of a right to trial by jury in capital cases. And *we have been scrupulous in enforcing compliance with the waiver provisions in those cases in which waiver is permissible" (People ex rel. Rohrlich v Follette, supra,* at 300 [emphasis added]; *cf., People v Brown,* 37 AD2d 980; *see also, People v Matthews,* 35 AD2d 1049; Rosenblatt and Rosenblatt, *Six-Member Juries in Criminal Cases, Legal and Psychological Considerations,* 47 St. John's L Rev, 615, 620 [1973] ["Even where a waiver is intelligently and clearly tendered, it will be rejected, and a conviction reversed, if the waiver procedure has not been fastidiously adhered to"]).

As this court noted recently—albeit in a civil case—"[t]he right to trial by jury is a fundamental one, and the courts indulge every reasonable presumption against waiver" *(Waldman v Cohen,* 125 AD2d 116, 121; *see also, Shapiro v Marstone Distribs.,* 40 AD2d 878). Moreover, in *People v Duchin* (12 NY2d 351, 353), the court clearly indicated that a defendant's waiver of his right to be tried without a jury must be "knowing" and "intelligent" when it stated that, "a defendant may not be forced to a trial before a jury if it sufficiently appears that his election to be tried without one was made knowingly and understandingly, based on an intelligent, informed judgment"[3] *(see also, People v McQueen,* 52 NY2d 1025; *People v*

---

**3.** In *People v Duchin* (12 NY2d 351, 353, quoting from 1938 Rev Record of NY Constitutional Convention, vol II, at 1274), the court noted that the constitutional provision requiring the approval of the Presiding Judge "was intended, in the words of Judge SEARS, the proponent of the proposal at the Constitutional Convention, solely 'to assure [the defendant] * * * full opportunity to understand what he is doing' ".

*Davis,* 49 NY2d 114; *People v Green,* 136 Misc 2d 245; *People v Evans,* 10 Misc 2d 409). Finally, this court has held that the People bear the burden of establishing a proper waiver *(see, People v Basora,* 90 AD2d 851, *after remand* 111 AD2d 248; *People v Meyer,* 56 AD2d 937).

## III

Application of the foregoing principles within the context of the facts presented herein reveals that the People have failed to discharge their burden of establishing a proper waiver. At bar, there is lacking in the record evidence tending to establish that the jury waiver form was executed in "open court", nor is there anything in the record—or the People's opposition papers—which would permit us to conclude that the waiver of so fundamental a right was "made knowingly and understandingly, based on an intelligent, informed judgment"[4] *(People v Duchin, supra,* at 353; *cf., People v Meyer, supra).* The People's speculative contentions do not provide a meaningful rebuttal to the defendant's allegation that the waiver was not executed in open court. In responding to the defendant's contention with respect to the open-court requirement, the People merely theorize that "[w]hile the record is not clear, there is no reason to think that the waiver was signed prior to the court taking the bench; rather, it can be inferred that the clerk, to expedite matters had defense counsel explain the waiver and obtain the defendant's consent while the court attended to other matters". This entirely speculative contention is devoid of evidentiary support in the record, as the absence of any citation to the trial transcript amply demonstrates.

Under the circumstances, we conclude that the defendant's motion to set aside the verdict should have been granted inasmuch as the record fails to establish that the jury waiver instrument was executed in conformity with constitutional and statutory requisites *(see,* NY Const, art I, § 2; CPL 320.10 [2]).

---

4. The case of *People v Davis* (49 NY2d 114, 117) relied on by the People is inapposite. While in *Davis,* a jury waiver case, the Court of Appeals did mention the defendant's experience with the criminal justice system, in that case—as set forth in the decision itself—the Trial Judge carefully questioned the defendant prior to the execution of the waiver. Accordingly, the *Davis* case provides no support for the People's position herein.

LAWRENCE, J. P., KUNZEMAN and SPATT, JJ., concur.

Ordered that the order is reversed, on the law, the defendant's motion is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.