■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID APARICIO, Appellant. [696 NYS2d 697] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 11, 1994 *(People v Aparicio,* 208 AD2d 638), affirming a judgment of the Supreme Court, Kings County, rendered March 12, 1992.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel *(see, Jones v Barnes,* 463 US 745). Mangano, P. J., O'Brien, Ritter and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BAER, Appellant. [696 NYS2d 691] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered March 23, 1998, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

In this nonjury trial, the defendant did not execute, in open court, a written waiver of his right to a trial by jury. Consequently, as the People correctly concede, reversal is required *(see,* NY Const, art I, § 2; CPL 320.10; *see also, People v Ahmed,* 66 NY2d 307; *People v Davidson,* 136 AD2d 66). Bracken, J. P., S. Miller, Krausman and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BIANCO, Appellant. [696 NYS2d 76] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered August 15, 1997, convicting him of robbery in the first degree, robbery in the second degree, and unlawful imprisonment, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's arguments on appeal, the hearing record was sufficient to support a determination that the photograph used to identify the defendant was not the "fruit" of a prior illegal detention *(see, People v Gethers,* 86 NY2d 159). Accordingly, suppression was properly denied. Ritter, J. P., Thompson, Feuerstein and Smith, JJ., concur.