Charles G. Tierney, J.
The court granted reargument after a hearing and rendering a decision on the defendant’s motion to suppress two weapons — the unlawful possession of which the defendant is charged in an indictment.
In this case the defendant is charged with possession of two weapons — one found in the car in which he was an occupant and the other on his person when he was searched as an incident to an alleged lawful arrest.
The defendant moved to, suppress these two weapons on the grounds that they were unlawfully obtained since the police at the time of the arrest did not have probable cause to stop the car in question, therefore the ensuing arrest and search which the police conducted was without legal sanction.
In support of defendant’s contention reliance is placed heavily and the thrust of his argument is based upon the court’s decision in Whiteley v. Warden (401 U. S. 560). In that case the police officers received a radio report that there was a warrant issued calling for the arrest of the defendant. The officers relying upon that information arrested the defendant and conducted a search. Later it developed that the warrant was invalid. The court held that since the warrant was invalid the probable cause required by law to make the arrest was nonexistent; therefore the search conducted, as well as the evidence obtained, was without lawful authority.
*539 This court finds from the evidence adduced at the hearing before it that the decision in Whiteley v. Warden (supra) is not applicable and determinative of the issue in the instant case for each is founded upon an entirely different premise.
Here the arresting officer prior to commencing his tour of duty observed a picture ona“ Wanted Poster ” in the precinct house. Later while on duty in a patrol car, which was stopped at a traffic light, he saw a man in a car facing in the opposite direction and from a distance of about 25 feet, who he testified ‘ ‘ looked like ’ ’ and “ he believed ” was the person wanted — as he recalled the photo he had seen earlier at the station house. Thereupon he directed the driver of the patrol car to turn around and stop the other car in which the defendant here was the driver.
The provisions of section 401 of the Vehicle and Traffic Law of the State of New York grant extremely broad powers and authority to the police with regard to a statutory right to stop at any time any motor vehicle operating in this State. This section also creates an exception to the general rule that a police officer must have probable cause to stop an individual. (See People v. Hoffman, 24 A D 2d 497; People v. Baer, 37 A D 2d 150; People v. Merola, 30 A D 2d 963.)
This court finds that the police officer in this case pursuant to the provisions of Vehicle and Traffic Law (§ 401) had authority to stop defendant’s vehicle at the time and place in question, not to search the car and arrest the defendant however, but to satisfy his curiosity and suspicions regarding the identity of the driver.
This is where the facts in Whiteley and this case differ in material aspects.
Now the essential difference factually between the Whiteley case and the instant case relative to the validity of the search of the automobile rests on what occurred when the police officer approached the side of defendant’s car with his flashlight. From the beam of the flashlight into the interior of defendant’s car he saw what appeared to him to be the barrel of a pistol protruding from the seat. Upon observing what appeared to be a weapon the police officer then had probable cause to act upon a crime in his presence, to search the car and obtain one of the weapons involved and proceed to arrest the defendant in this case. He thereupon ordered the occupants out of the automobile and conducted a search as an incident to a lawful arrest. This search of the defendant produced a second weapon which the defendant had on his person.
*540 As opposed to the facts in the Whiteley case the arrest and search which followed, in the instant case, were not made on the basis of the photo shown in the “ Wanted Poster ” but rather, as a direct result of a crime being committed in the presence of the arresting officer.
This court holds that the shining of the flashlight about the interior of the car at that time and place and under the circumstances then prevailing was not an unlawful or unreasonable intrusion into the car and was not violative of the defendant’s constitutional rights. (See People v. Cruz, 34 N Y 2d 362.)
Therefore upon reargument this court adheres to its original decision and after reargument the motion to suppress the two weapons is denied in all respects.