OPINION OF THE COURT

Per Curiam.

Judgment rendered May 5, 1980 affirmed.
On appeal the defendant argues that the warrantless search of the unoccupied parked car was illegal and the *63 court erred in denying defendant’s motion to suppress; guilt of the defendant was not proved beyond a reasonable doubt; the court wrongfully took judicial notice that the defendant’s holster fit the weapon recovered but not a BB gun; the defendant did not knowingly and intelligently waive his right to a jury trial; and the sentence was excessive.
The court did not err in denying defendant’s motion to suppress the weapon in question. In this regard it is noted that on a hearing held pursuant to a motion to suppress, hearsay evidence is admissible on the question of whether probable cause existed for a search without a warrant (Draper v United States, 358 US 307; People v Coffey, 12 NY2d 443). In the context of a suppression hearing hearsay evidence is admitted only “as to the sufficiency for [the] arrest [or search] purposes of the grounds for the arresting officer’s belief that [the defendant] was guilty” (People v Coffey, supra, p 452). The court thus properly entertained the arresting officer’s testimony at the suppression hearing that defendant’s father informed the police that the defendant had a gun.
It was shortly thereafter that the officer saw that defendant was wearing a shoulder holster, and having just been informed by defendant’s father that defendant had a gun, the arresting officer had probable cause to search the person of the defendant as well as the car from which he had just exited. As observed by Justice Sullivan, writing for the Appellate Division, First Department, in People v Jackson (72 AD2d 149, at p 153): “Ancillary to the statutory right to detain is the officer’s authority to frisk if he reasonably suspects that he is in danger of physical injury. (CPL 140.50, subd 3.) Whether a particular seizure is reasonable ‘requires weighing the government’s interest in the detection and apprehension of criminals against the encroachment involved with respect to an individual’s right to privacy and personal security. * * * In conducting this inquiry we must consider whether * * * the action of the police was justified at its inception and * * * reasonably related in scope to the circumstances which rendered its initiation permissible.’ (People v Cantor, 36 NY2d 106, 111, and citations therein.)”
*64 Here the police were informed by a reliable source — defendant’s father — that the defendant had a gun. When the police then approached the defendant they observed he had an empty holster. It was reasonable and prudent for the police to search the car from which the defendant had just exited to ascertain whether defendant had left his gun in the car. Given the exigency of the circumstances the police were not required to secure a search warrant before examining the car (People v Calhoun, 49 NY2d 398).
It should also be noted that the police had been told by the defendant’s father that the defendant had threatened him (defendant’s father) with a gun, and the defendant might have posed a threat to all then present if he had been permitted access to the vehicle without a preliminary inspection of the vehicle by the police to determine whether it, indeed, contained a gun (People v Cruz, 34 NY2d 362; People v Miller, 52 AD2d 425; People v Howell, 78 Misc 2d 538, affd 51 AD2d 1105).
What constitutes probable cause for a search under the Fourth Amendment is a determination that must be made on the facts of each case. The test of reasonableness differs for cars and buildings. The constitutional protection from search and seizure afforded a man’s home is greater than that afforded his car not only because cars are mobile, but because they are less private (People v La Belle, 37 AD2d 135; People v Caputo, 41 AD2d 165, cert den 414 US 1135; People v Martin, 48 AD2d 213). Finally, it has been consistently held that “where there is a reasonable belief before the search begins that an automobile contains contraband or evidence of a crime, this constitutes probable cause and a search of the vehicle may lawfully proceed without a warrant” (People v Chestnut, 43 AD2d 260, 261, affd 36 NY2d 971; People v Brown, 28 NY2d 282).
The People’s defense of the seizure under the plain view doctrine, however, is without merit. Not only do the suppression minutes suggest that the police entered the car to look for the gun, both the suppression minutes and the trial minutes indicate that the arresting officer intended to inspect the vehicle and did not just happen to notice contraband “in plain view”. Besides, the gun was found under the steering wheel on the floor, which at 10 o’clock at *65 night cannot be said to have been in plain view (People v Smith, 42 NY2d 961).
The defendant’s claim that the defendant’s guilt was not proved beyond a reasonable doubt is also without merit. The gun introduced into evidence was taken from the floor, beneath the steering wheel of the car defendant had been driving. It fit exactly the holster that defendant had been wearing. The court could conclude that defendant’s guilt of the charge of criminal possession of a weapon was proven beyond a reasonable doubt. The arresting officer’s testimony that the defendant struggled and struck out at the police with a cane when placed under arrest was, if credited, sufficient to prove defendant’s guilt of the charge of resisting arrest.
The court did not wrongfully take judicial notice that the defendant’s holster had taken the shape of the .38 revolver. The court had before it both the holster and the revolver, and was clearly capable of determining whether the weapon fit the holster. The court’s observation that the holster would not fit a BB gun (based on his familiarity with guns) was not reversible error. The defendant was at liberty to produce the alleged BB gun, which he failed to do.
The defendant’s contention that he did not knowingly and intelligently waive a trial by jury is belied by the record. Defense counsel in the presence of his client was specifically asked by the court whether his client waived his right to a trial by jury, to which defense counsel responded in the affirmative. The court then directed the defendant to sign a written waiver which he did. That waiver only made reference to the charge of criminal possession of a weapon, but in the context of the acknowledgment of defense counsel that the defendant was waiving his right to a jury, the written waiver should be deemed applicable to the two charges being simultaneously tried. Defendant claims that the waiver was a nullity because it was made during trial rather than before trial. While the waiver should have been executed before trial (CPL 320.10), the waiver was made early in the proceeding and was binding on the defendant. There is no claim that the defendant at the inception of the trial was unaware or *66 uninformed of his right to a trial by jury. Indeed there is no claim that the defendant at the inception of the trial did not intend to waive his right to a jury trial. When asked to execute a waiver the defendant did so in the presence of his counsel, obviously confirming his intention to waive his right to a jury trial.
The claim by the defendant that the sentence was excessive is also unpersuasive. The sentence was consistent with the recommendation of the probation report, and in its own right did not constitute an abuse of the court’s discretion.
Concur: Dudley, J. P., Hughes and Asch, JJ.