■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY A. KRAVITZ, Appellant.

■ Memorandum: Defendant contends that his waiver of

his right to trial by jury was ineffective because it was not signed in open court prior to trial (CPL 320.10 [2]). Defendant's assertion that he did not sign his written waiver in court is not supported by the record. Further, though the jury waiver was not submitted to the court for its approval before trial, it was presented early in the proceeding. Before accepting the waiver, the court advised defendant of the consequences of his waiver and ascertained that it was defendant's intent that this waiver be considered to have taken effect prior to the beginning of the trial. Given these circumstances, defendant's waiver of trial by jury was effective (see, *People v Caldwell,* 107 Misc 2d 62, 65-66). Defendant also asserts that prosecutorial misconduct during trial warrants reversal. Defense counsel did not object and consequently any errors have not been preserved for our review (CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Dawson,* 50 NY2d 311, 324). We decline to exercise our discretion to review in the interest of justice.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Cattaraugus County Court, Kelly, J.—rape, second degree, and sodomy, second degree.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.