■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONZO SATCHER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his convictions following a bench trial for attempted murder, second degree, and criminal use of a firearm, first degree, defendant argues that his jury waiver was ineffective because it was not made before this nonjury trial commenced but, rather, after the testimony of the first witness for the People. The jury waiver was presented to the court early in the proceedings and there is no question raised concerning the voluntariness of the waiver. Under these circumstances, the defendant's waiver of a jury trial was effective *(People v Kravitz,* 140 AD2d 972; *People v Caldwell,* 107 Misc 2d 62).

Although the court did not comply with CPL 320.20 (5) by

designating prior to summations "the counts upon which it will render a verdict", reversal is not mandated. Defendant was convicted only of offenses specified in the indictment and not of any lesser included offenses. Therefore, the failure of the court to comply strictly with CPL 320.20 (5) was harmless beyond a reasonable doubt *(People v Di Marcantonio,* 117 AD2d 612, 613, *lv denied* 67 NY2d 882; *People v Pitello,* 97 AD2d 801). Moreover, defendant has failed to demonstrate that counsel's summation was affected by the court's oversight *(see, People v Hampton,* 124 AD2d 675, 676, *lv denied* 69 NY2d 746).

Upon our review of the record, we find that the evidence is legally sufficient to support the convictions. We have examined defendant's remaining contention and find it to be lacking in merit. (Appeal from judgment of Supreme Court, Erie County, McGowan, J.—attempted murder, second degree; criminal use of firearm, first degree.) Present—Callahan, J. P., Doerr, Green, Pine and Davis, JJ.