THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK WHITE, Appellant.—Judgment modified on the law and as modified affirmed, in accordance with the following memorandum: The evidence was sufficient to support defendant's conviction of vehicular manslaughter and his sentence of 2 to 6 years' incarceration is not harsh and excessive.

There is no merit to defendant's contention that the court to whom the case had been assigned forced defendant to forego a jury trial by conditioning its recusal upon defendant's waiver of a jury trial. After a pretrial conference, defendant entered a plea of guilty which he was later permitted to withdraw. Immediately after defendant withdrew his plea, defense counsel made a motion requesting the court to disqualify itself, stating: "Your Honor, the motion is made because Mr. White and I have repeatedly discussed, during the course of this case, whether to proceed in a jury or nonjury trial, and at this time it is our intention to proceed to trial on a nonjury basis, and that is made with the knowledge that in the event the matter does go to a jury trial it will return to this Court." The court responded that the defendant had an absolute right to waive a jury trial and that during negotiations the court did acquire information about the facts of the case which would prevent it from acting as a trier of the facts in a nonjury trial. Therefore, the court stated, it would transfer the case to another court "for immediate action on a nonjury trial." Defense counsel indicated his approval and the prosecutor requested, "in the event the defendant does change his mind and does request a jury trial, that the case be ordered back to this part of court." The court replied, "That is so", and defense counsel signified his approval by stating, "Thank you, Your Honor." Thus, not only did defendant fail to preserve the issue for review, but his motion for recusal of the court

from a nonjury trial was granted in exactly the manner he requested. The record contains no request that the court recuse itself from a jury trial.

We reject defendant's contention that the evidence was insufficient to prove that he violated Vehicle and Traffic Law § 600.

As conceded by the District Attorney, criminally negligent homicide is a lesser included offense of vehicular homicide and, therefore, the conviction of criminally negligent homicide must be reversed and the sentence imposed thereon vacated.

All concur, except Green, J., who concurs in part and dissents in part and votes to reverse, in the following memorandum.

Green, J. (concurring in part and dissenting in part). I must dissent. I disagree with the majority in its interpretation of the colloquy between defense counsel and the court when counsel requested the court to recuse herself. It is obvious that defendant and defense counsel had been told that, if a recusal was sought, it would be granted only if the defendant waived his right to a trial by jury. This is so because of the language defense counsel used in requesting recusal "and that [recusal motion] is made with the knowledge that in the event the matter does go to a jury trial it will return to this Court." The court, after stating that she would not be able to act as an impartial trier of fact in a nonjury trial, recused herself. At that time the prosecutrix reminded the court that, in the event the defendant did not go nonjury before another Judge, the case would have to be returned to her. The court then agreed, stating "That would be so."

It is clear to me that neither the defendant nor his lawyer intended to have the court condition her recusal on the defendant waiving his constitutional right to a trial by jury. It should also be noted that during the colloquy on the recusal, the court never asked defendant directly what his wishes were. The statements were made only by defense counsel and the prosecutrix. Thus, the majority conclusion (at 954) that defendant's recusal motion "was granted in exactly the manner he requested" is misleading. Defendant got not what he asked for but what he was told he would get. By conditioning her recusal on defendant's waiver of a jury trial before any Judge to whom the matter might later be assigned, the court coerced the defendant to waive his right to a jury trial at a time when he could not have been "fully aware of the consequences of the choice he is making" (CPL 320.10 [2]).

The court's recusal, conditioned on defendant's waiver of a jury trial before another Judge, deprived defendant of his constitutional right to a jury trial. There is no authority for such a condition. A defendant's right to a jury trial is fundamental and may not be waived absent a demonstration that the waiver was knowingly and voluntarily made *(see, People v Davis,* 49 NY2d 114). Here, defendant was placed upon the horns of a dilemma of choosing either to be tried by another Judge or by a jury before the very Judge who recused herself based upon an acknowledgement of bias. This improperly restricted defendant's constitutional right to a jury trial and rendered his waiver involuntary *(see, People v Zappacosta,* 77 AD2d 928, 929).

A Judge's bias is not diminished because a case is tried with a jury. The court must rule on motions and evidentiary matters as well as charge the jury. Unlike *People v Moreno* (70 NY2d 403), where the court held that recusal was not mandated as a matter of law because the trial court had presided over a pretrial *Sandoval* motion, here the court actually acknowledged that she "did acquire information about the alleged facts and circumstances of the crime, which would prevent the court from acting as a trier of fact in a non-jury trial situation."

Once recusal is granted, a defendant should have a free choice, before a new Judge, whether to waive a jury. A defendant should not be deprived of his free and informed choice to waive a jury simply because a prior Judge recused herself. Accordingly, the judgment should be reversed and a new trial granted. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—vehicular homicide, and other charges.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.