■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JONES, Appellant.—Judgment, Supreme Court, New York County (Martin H. Rettinger, J.), rendered June 26, 1990, convicting defendant, after a non-jury trial, of robbery in the third degree, and sentencing him, as a predicate felony offender, to a term of imprisonment of from 2 to 4 years, unanimously affirmed.

Accused of robbing the complainant of $4 on October 17, 1989, defendant's trial commenced on April 19, 1990, but, because of possible prejudice arising out of the jury's inability to timely reconvene on April 20, defendant offered to waive his right to a jury and proceeded without a jury. The court ascertained that defendant understood the implications of this waiver. The prosecutor insisted that the entire record from the aborted jury trial be incorporated into the bench trial, a condition to which the court and defense counsel agreed. The court then dismissed the jury, heard the rest of the evidence and rendered a verdict.

On appeal, defendant argues that the complaining witness's

testimony should not have been incorporated into the "second" trial since he was available to testify thereat (citing CPL 670.10 [1]). Defendant also argues that the transcript from the "first" trial had to be authenticated before it could be incorporated (citing CPL 670.20 [1]). Even assuming that there was a "first" and "second" trial, instead of one continuous trial, these objections were waived by defendant's explicit agreement to incorporate the jury trial testimony into the bench trial. Defendant contends that such a consent should not have been given effect since it condoned a procedure violative of statute, but the procedure was consistent with the principles underlying the governing statutes. Indeed, the trial court heard all the testimony itself the day before.

Defendant also argues that if the two trials are considered as one, the jury waiver was untimely since it occurred after the first witness had begun to testify (citing CPL 320.10). This argument is unpreserved for appellate review (People v Johnson, 51 NY2d 986). In any event, defendant's voluntary and knowing jury waiver was sufficiently timely to be given effect by the court (see, People v Satcher, 144 AD2d 992, lv denied 73 NY2d 896). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.