■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILAREO CUESTA, Appellant. [605 NYS2d 64] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered April 9, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees and sentencing him, as a second felony offender, to two concurrent terms of from 7½ to 15 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, the People's evidence clearly established defendant's guilt beyond a reasonable doubt *(People v Contes,* 60 NY2d 620, 621). The proof established that defendant possessed the 25 tinfoil packets of cocaine because he, along with his codefendants, exercised dominion and control over them (Penal Law § 10.00 [8]; *see, People v Sierra,* 45 NY2d 56, 60). Defendant was liable as an accomplice because he had intentionally

aided his co-defendants to possess the 25 packets with the intent to help sell them (Penal Law § 20.00).

Defendant never objected to the admission of evidence of prior, uncharged drug transactions between his co-defendants and the undercover officer and thus his claim is not preserved (CPL 470.05 [2]), and we decline to reach it in the interest of justice. Were we to reach this issue, we would reject defendant's claim of prejudice inasmuch as defendant himself used this evidence, and the details that he elicited on cross-examination, to argue that his non-involvement in the earlier transactions established that he was not involved in the crimes charged.

In light of defendant's prior record, his sentence was not harsh or excessive. We have considered defendant's remaining claims and find them to be without merit. Concur—Carro, J. P., Ellerin, Kupferman and Rubin, JJ.