■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND DANIELS, Appellant. [619 NYS2d 8] —Judgment, Su-

preme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered January 8, 1992, convicting defendant, after nonjury trial, of burglary in the third degree, criminal possession of stolen property in the fifth degree, and petty larceny, and sentencing him, as a second felony offender, to concurrent terms of from 2 to 4 years on the burglary count and time served on the other counts, unanimously affirmed.

There was no violation of defendant's right to representation by a conflict-free counsel when, after a nonjury trial at which defendant was represented by counsel, defendant consented to be represented by codefendant's counsel simply for the reading of the verdict and setting a date for sentence, since, at that juncture, no active participation by counsel was called for (see, People v Ortiz, 76 NY2d 652, 657).

Nor, in view of defendant's familiarity with the criminal justice system, his representation by counsel and the extensive inquiry made of him by the court to ensure that he understood the consequences of waiving a jury trial, can his waiver of a jury trial be deemed involuntary because of the court's promise to impose the minimum sentence should he opt for a nonjury trial and be convicted (see, People v Watson, 162 AD2d 360, 361). Concur—Sullivan, J. P., Rosenberger, Ellerin, Kupferman and Williams, JJ.