■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JACKSON, Appellant. [632 NYS2d 187] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), rendered September 27, 1993, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the court coerced him into having a jury trial (see, CPL 470.05 [2]). In any event, the defendant's contention is without merit. Before a court can permit a defendant to waive his right to a trial by jury, the court must ensure that the defendant is making a knowing and intelligent decision (see, People v Davidson, 136 AD2d 66, 69). Here, the court merely advised the defendant of the advantages of having a jury trial (see, People v Christopher, 101 AD2d 504, revd on other grounds 65 NY2d 417). In addition, the defendant's decision to have a jury trial was consistent with the advice of his counsel.

The defendant failed to preserve for appellate review the issue of whether the court properly charged the jury on the People's burden of proving the defendant's guilt beyond a reasonable doubt (see, CPL 470.05 [2]). In any event, the jury charge did not deprive the defendant of a fair trial. When read as a whole, the jury instruction correctly defined the concept of reasonable doubt (see, People v Reyes, 207 AD2d 362; People v Brooks, 152 AD2d 591).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80, 83). Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.