■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN A. FINKLE, Appellant. (Appeal No. 1.) [692 NYS2d 265] —Judgment reversed on the law and new trial granted. Memorandum: Defendant was convicted following a bench trial of

vehicular manslaughter in the second degree (Penal Law § 125.12 [2]), three counts of assault in the third degree (Penal Law § 120.00 [3]), and various Vehicle and Traffic Law offenses. Defendant, whose blood alcohol content was .15% over an hour after the accident, was traveling in the left westbound lane when he pulled around a vehicle traveling in front of him and then cut back into the left lane, where a vehicle was stopped with its brake lights and left directional signal on. Defendant hit the right rear of that vehicle, propelling it into the oncoming lanes of traffic, where it was hit by a van traveling eastbound. One occupant was killed, and three others were injured.

The verdict is supported by legally sufficient evidence and is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). County Court was entitled to credit the People's evidence that defendant was intoxicated, was driving over the speed limit in slippery conditions, and failed to perceive the presence of the stopped vehicle. That evidence establishes that defendant engaged in blameworthy conduct creating a substantial and unjustifiable risk of death (see, People v Boutin, 75 NY2d 692, 696; People v Rennoldson, 117 AD2d 994).

The judgment must be reversed, however, because defendant's waiver of a jury trial was ineffective. As conceded by the dissent, defendant's initial waiver of a jury trial, purportedly made on December 10, 1997, at the outset of trial, was not effective because it was made neither "in open court" (CPL 320.10 [2]) nor in writing (see, NY Const, art I, § 2; CPL 320.10 [2]; see generally, People v Ahmed, 66 NY2d 307, 311, rearg denied 67 NY2d 647; People v Watkins, 233 AD2d 904; People v Zawistowski, 168 AD2d 950). Despite the invalidity of that waiver, defendant was tried without a jury, with proof being taken on December 10, 11 and 12, 1997. The court reserved decision, and proceedings resumed on December 19, 1997, solely for the purpose of receiving the court's verdict. At that time the court indicated that it had neglected to obtain defendant's written waiver of the right to a jury trial. Despite the lack of any new inquiry or warnings by the court, a written waiver was then signed by defendant and accepted by the court. It is unclear on this record whether defendant signed the written waiver "in open court" as required by article I, § 2 of the NY Constitution and CPL 320.10 (2) (see, People v McDaniel, 168 AD2d 926, 927-928; People v Davidson, 136 AD2d 66, 68, 70; see also, People v Perez, 213 AD2d 351, 352, lv denied 85 NY2d 978). The dissent nonetheless concludes that defendant has

abandoned any argument with respect to where the written waiver was signed and, further, that defendant waived any objection to the posttrial procedure, including any challenge to the timing of the waiver.

In our view, a waiver analysis is inappropriate under the circumstances. The determinative fact is that the entire bench trial took place in the absence of a valid and effective written waiver by defendant of his right to a trial by jury, in violation of the Constitution and statute. The procedure that took place one week after trial did not cure that error. The court did not then advise defendant of his absolute right to a mistrial and a retrial before a jury, nor did the court then warn defendant of the consequences of his waiver (*cf., People v Ahl*, 243 AD2d 985, 986, *lv denied* 91 NY2d 868; *People v Yousef*, 236 AD2d 868, 869, *lv denied* 90 NY2d 866; *People v Perez, supra*, at 352). "That the State Constitution itself unequivocally demands that waiver of a jury trial be accompanied by a written instrument signed by the defendant in open court before the Trial Judge thus compels the conclusion that waiver must be accomplished in that manner" (*People v Page*, 88 NY2d 1, 9). The same necessarily must be said concerning the NY Constitution's implication, and the statute's express requirement, that the written waiver be executed "before trial" (CPL 320.10 [1]; *see*, NY Const, art I, § 2). "Such constitutional requirements are not lightly disregarded. To the contrary, express provisions of our Constitution should be vigilantly enforced and the rights they protect zealously guarded" (*People v Page, supra*, at 9-10).

In arguing that the posttrial waiver was valid, the People rely on cases in which the defendant signed the written waiver at an early stage of trial and otherwise in accordance with the constitutional and statutory requirements (*see, People v Rodriguez*, 186 AD2d 63, *lv denied* 81 NY2d 765; *People v Jones*, 178 AD2d 244, 245, *lv denied* 79 NY2d 1050; *People v Satcher*, 144 AD2d 992, *lv denied* 73 NY2d 896; *People v Kravitz*, 140 AD2d 972; *People v Caldwell*, 107 Misc 2d 62, 65-66). Those cases are distinguishable. It would be an intolerable relaxation of those requirements to uphold a written waiver made without inquiry or warnings one week after the close of proof, just prior to the rendering of the verdict. We thus conclude that the judgment must be reversed and a new trial granted.

All concur except Pigott, Jr., J., who dissents and votes to affirm in the following Memorandum.

Pigott, Jr., J. (dissenting). I respectfully dissent. In my view, the record supports the conclusion that defendant knowingly, voluntarily and intelligently waived his right to a jury trial. Consequently, I would affirm.

On the day of jury selection, defendant, his attorney and the prosecutor met with County Court in chambers. The proceeding was transcribed. At that time, defendant indicated that he was prepared to waive a jury trial. Defense counsel stated: "Judge, as I indicated to the Court and to the district attorney last week, [defendant] and I had lengthy discussions regarding our various options in handling this case and trying to resolve the case and which way to go if we were to have a trial and I spent a lot of time discussing with him those options and he has agreed knowing full well what the options are, the fact that he's entitled to have a jury trial and to have this case heard by a 12-person jury and alternates, that under the particular circumstances of this case, that he is in agreement with my recommendation to have this trial proceed on a nonjury basis." The court informed defendant that it had ordered 75 jurors in anticipation of jury selection starting in this matter. The court advised defendant that he had the right to have his case heard by 12 citizens of the County. Defendant indicated that he understood that he had that right and preferred to give up that right. The court asked defendant if "you're requesting that I sit as the finder of fact and the ultimate determiner of guilt or innocence in this matter." Defendant answered: "Yes, Your Honor". The court accepted the waiver, and the trial proceeded.

The proof was concluded and the matter was adjourned for one week. When the parties appeared in court to hear the verdict, the court stated to defendant: "When we were here on the 10th, [defendant], [defense counsel] and I had a rather lengthy colloquy about waiving a jury, but at that time I neglected to have him execute a waiver." The court asked defense counsel if he and defendant "are executing that nunc pro tunc this afternoon", and defense counsel answered: "That is correct, Judge." A written jury waiver was handed up to the court, executed by the court, and accepted. The court then rendered its verdict.

I agree with the majority that defendant's oral waiver of a jury trial in chambers was not effective (*see,* CPL 320.10 [1], [2]; *People v Page,* 88 NY2d 1, 10). In response to the statement by the court that it had neglected to have defendant execute a written waiver, however, defendant did not object to the procedure or move for a mistrial, but executed the written waiver. In my view, defendant thereby waived any objection that the procedure failed to conform to statutory requirements. Contrary to the conclusion of the majority, the record fully supports a determination that the waiver was knowing, intelligent

and voluntary. Defendant, who was represented by counsel throughout the proceedings, indicated his desire to waive a jury trial and have the court sit as the trier of fact and final arbiter of guilt or innocence. After the testimony concluded, defendant was informed that his original waiver was not effective. He chose at that time to execute a written waiver. By that action, defendant ratified the procedure utilized by the court and waived any claim that the procedure was defective. Although the majority also notes that the record is not clear whether the written waiver was executed in open court, defendant failed to pursue in his brief that specific argument, focusing instead on the timing of the written waiver. That argument, therefore, is deemed abandoned (*see, Ciesinski v Town of Aurora,* 202 AD2d 984). (Appeal from Judgment of Oneida County Court, Fahey, J.—Vehicular Manslaughter, 2nd Degree.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.