OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered May 6, 1999 affirmed.
*596 The verdict was not against the weight of the evidence. Issues relating to the complainant’s credibility, including those raised by the absence of prompt outcry, were properly presented to the trial court, as fact finder, and no basis is shown to disturb its determinations.
The defendant’s present contention that he should have been afforded a jury trial is unpreserved and without merit. Whether a defendant is constitutionally entitled to a jury trial hinges on the seriousness of the offense(s) charged, as “reflected in the legislative policy classifications designating crime severity and punishment.” (People v Foy, 88 NY2d 742, 747.) Since none of the individual offenses upon which the defendant was tried carried a maximum statutory term of imprisonment greater than six months, no right to a jury trial attached (id.). This is so notwithstanding that defendant’s conviction triggered the registration and notification requirements of Megan’s Law (Correction Law § 168 et seq.), a statute recognized to be “civil and remedial and not criminal and punitive in purpose” (Matter of M.G. v Travis, 236 AD2d 163, 166, lv denied 91 NY2d 814; see, Doe v Pataki, 120 F3d 1263, cert denied 522 US 1122; see also, People v Stevens, 91 NY2d 270).
Defendant’s remaining arguments are either unpreserved or lacking in merit.