■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO SANCHEZ, Appellant. [759 NYS2d 862] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered December 12, 2000, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of seven years to life, unanimously affirmed.

Defendant's challenge to the voluntariness of his written jury waiver, duly executed in open court after a thorough allocution, requires preservation (*People v Johnson*, 51 NY2d 986 [1980]), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the jury waiver was not rendered involuntary by the court's promise that if defendant opted for a nonjury trial, the highest charge, if any, upon which the court would convict him would be an A-II felony, instead of the A-I felony contained in the indictment (*People v Daniels*, 209 AD2d 340 [1994]). This arrangement was comparable to a constitutionally permissible negotiated plea, rather than to a statutory burden upon the right to a jury trial (*compare, Matter of Hynes v Tomei*, 92 NY2d 613, 624-625 [1998], *cert denied* 527 US 1015 [1999]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Concur—Nardelli, J.P., Tom, Andrias and Lerner, JJ.