THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIAN NICHOLSON, Appellant. [829 NYS2d 548]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered October 14, 2004, as amended March 2, 2005, convicting him of robbery in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment, as amended, is reversed, as a matter of discretion in the interest of justice, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant initially was tried by a jury for the crimes of robbery in the first degree and robbery in the second degree. At the close of the evidence and summations, the trial court submitted those counts to the jury. On three occasions during the first and only day of deliberations, the jury submitted several notes to the trial court requesting trial exhibits, readbacks of certain testimony, and further instructions on the charges. In later notes, the jury indicated that it could not reach a verdict, and certain jurors stated that they needed to leave at 4:00 P.M. and might have scheduling conflicts if deliberations extended into the following week. The jury was directed to continue deliberations.

Later that day, the jury submitted a final note to the trial court indicating that it had reached a verdict. Before reading the verdict, the trial court stated that it had a proposal for the defendant. The trial court proposed that instead of taking the jury's verdict the defendant could waive the jury at that moment and, in return, it would find him guilty of the lesser-included offense of robbery in the third degree and promise a term of imprisonment of one year. After proposing the two options, the trial court noted, "I hate to say this is a game show." It added, "[it is] five minutes to four [3:55 P.M.] I don't know what to say but the options are yours."

After the defendant indicated that he was willing to accept the offer, the trial court replied: "Have you had enough time to think about this? Although it's not much time to think about it, I can't keep the jury waiting much longer. If you say you want to get the verdict, that's fine. But if you say you want to waive

the jury and have me essentially reach a verdict you will have to do it now . . . Is this what you want to do?"

The defendant asked if he could "have two seconds," and the trial court obliged. After a brief pause, the defendant stated that he was ready to waive the jury. Before approving the jury waiver and converting the jury trial to a bench trial, the trial court stated, "[I]f I hear by word of mouth that the verdict is not guilty I am still going to sentence you to one year and I can always say this guilty verdict was based on time pressure rather than one really thinking it through."

After the defendant acknowledged that he understood the terms of the waiver, the trial court stated, "I am going to approve the jury waiver based on the record I heard at trial. I find the defendant guilty of the lesser included offense under the indictment of robbery in the third degree." Thereafter, the trial court summoned the jury and declared a mistrial based on the waiver and disposition. The trial court also stated to the jury that it questioned the propriety of the verdict since it might have been affected by time pressures and certain jurors' scheduling conflicts.

On appeal, the defendant challenges the propriety of the jury waiver. Although his challenges are unpreserved for appellate review, we reach them in the interest of justice (*see* CPL 470.15 [6]) and reverse the judgment based on the errors committed at trial.

A defendant's waiver of the right to a jury trial is governed by CPL 320.10, which provides in relevant part: "1. Except where the indictment charges the crime of murder in the first degree, the defendant, subject to the provisions of subdivision two, may at any time before trial waive a jury trial and consent to a trial without a jury in the superior court in which the indictment is pending. 2. Such waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court." (CPL 320.10 [1], [2].)

A defendant's jury waiver will not be upheld unless it was knowingly, voluntarily, and intelligently made (*see People v Duchin*, 12 NY2d 351, 353 [1963]; *People v Davidson*, 136 AD2d 66, 69 [1988]). As to the timing of the waiver, the language of CPL 320.10 (1) provides that a defendant "may at any time before trial waive a jury trial." The courts, however, have extended the "before trial" language to include instances where an adequate waiver—one that is knowing, voluntary, and intelligent—is executed at an early stage of the proceedings (*see People v Williams*, 289 AD2d 48 [2001]; *People v Rodriguez*, 186

AD2d 63 [1992]; *People v Jones*, 178 AD2d 244 [1991]; *People v Satcher*, 144 AD2d 992 [1988]; *People v Kravitz*, 140 AD2d 972 [1988]; *cf. People v Finkle*, 262 AD2d 971, 973 [1999]).

Here, the defendant executed the waiver after jury deliberations had ceased and the jury had reached a verdict. The exception noted above for jury waivers executed at early stages of the proceedings cannot be extended to waivers made at such a late stage in the proceedings. Moreover, the circumstances surrounding the instant jury waiver were coercive in nature and undermined the knowing, voluntary, and intelligent requirement (*see People v Davidson, supra* at 69).

The trial court essentially warned and frightened the defendant into accepting its terms and waiving the jury by declaring, "I heard the testimony in this case and in good conscience I do not have any trouble finding the defendant guilty of participating in the crime" (*cf. People v Jackson*, 220 AD2d 533 [1995]). While the trial court was authorized to promise to impose a minimum sentence if the defendant opted for a nonjury trial (*see People v Sanchez*, 306 AD2d 86 [2003]; *People v Daniels*, 209 AD2d 340 [1994]), no authority existed for the trial court to prematurely determine guilt and the sentence as a condition of the waiver.

The trial court acknowledged the extreme time pressures the defendant was under when it stated, "[i]f I hear by word of mouth that the [jury] verdict is not guilty I am still going to sentence you to one year and I can always say this guilty verdict was based on time pressure rather than one really thinking through." In fact, when the trial court presented its terms, it noted that it was 3:55 P.M. and reminded the defendant that the jury would be dismissed five minutes later at 4:00 P.M. Despite the time pressures, the trial court informed the defendant, "if you say you want to waive the jury and have me essentially reach a verdict you will have to do it now." The trial court's actions were improper and its reliance on the jury's potential pressure to reach a verdict and scheduling conflicts did not provide an adequate basis to hasten the jury waiver.

Under these circumstances, it cannot be said that the defendant's "election to be tried without [a jury] was made knowingly and understandingly, based on an intelligent, informed judgment" (*People v Duchin, supra* at 353; *see People v Davidson, supra* at 69; *People v Finkle, supra* at 973; *People v White*, 155 AD2d 953 [1989]). Consequently, the waiver was invalid.

The remaining question is whether the invalid waiver bars retrial based on double jeopardy concerns. "[W]here the defen-

dant either requests a mistrial or consents to its declaration, the double jeopardy clauses do not ordinarily bar a second trial" (*People v Ferguson*, 67 NY2d 383, 388 [1986]). Here, it cannot be said that the defendant consented to the mistrial since his jury waiver was invalid. It also cannot be said that the defendant "sought to have the jury trial terminated" when the trial court initiated the discussion and created coercive circumstances to effectuate the jury waiver (*see People v Brown*, 147 AD2d 579, 580 [1989]). Consequently, a retrial would violate the double jeopardy clause of the Federal and State Constitutions (*see* US Const 5th Amend; NY Const, art 1, § 6; *Matter of Randall v Rothwax*, 78 NY2d 494, 499 [1991], *cert denied sub nom. Morgenthau v Randall,* 503 US 972 [1992]; *cf. United States v Scott,* 437 US 82, 93-98 [1978]; *People v Ferguson, supra* at 389-391; *People v Brown, supra* at 580; *People v Lawton,* 134 AD2d 454, 455 [1987]). Schmidt, J.P., Santucci, Skelos and Lunn, JJ., concur.