■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN WATSON, Appellant. [834 NYS2d 905]—Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered July 27, 2005. The judgment convicted defendant, after a nonjury trial, of burglary in the second degree, criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree and possession of burglar's tools.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for a reconstruction hearing in accordance with the following memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of burglary in the second degree (Penal Law § 140.25 [2]), criminal possession of stolen property in the fifth degree (§ 165.40), criminal mischief in the fourth degree (§ 145.00 [1]) and possession of burglar's tools (§ 140.35). Defendant contends, inter alia, that he did not sign the waiver of his right to a jury trial in open court, as required by NY Constitution, article I, § 2 and CPL 320.10 (2) (see People v Page, 88 NY2d 1, 9-10 [1996]; People v Finkle, 262 AD2d 971, 972 [1999]). We are unable to determine on the record before us whether the waiver was signed in open court, and a reconstruction hearing thus is necessary (see People v Basora, 90 AD2d 851 [1982]). We therefore hold the case, reserve decision and remit the matter to Supreme Court for a reconstruction hearing on that issue. Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.