■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN WATSON, Appellant. [844 NYS2d 791]—

Appeal from a judgment of the Supreme Court, Erie County

(Christopher J. Burns, J.), rendered July 27, 2005. The appeal was held by this Court by order entered March 16, 2007, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (38 AD3d 1196 [2007]). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of possession of burglar's tools, granting the motion to dismiss count four of the indictment and dismissing that count of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of burglary in the second degree (Penal Law § 140.25 [2]), criminal possession of stolen property in the fifth degree (§ 165.40), criminal mischief in the fourth degree (§ 145.00 [1]) and possession of burglar's tools (§ 140.35). The conviction arises from defendant's unlawful entry into a residence. The police apprehended defendant within minutes of the crime, and they recovered several items from defendant that he had stolen from the residence, including two screwdrivers. We previously held this case, reserved decision and remitted the matter to Supreme Court for a reconstruction hearing because we were unable to determine on the record before us whether defendant signed the waiver of his right to a jury trial in open court, as required by NY Constitution, article I, § 2 and CPL 320.10 (2) (*People v Watson*, 38 AD3d 1196 [2007]). We conclude that the record of the reconstruction hearing supports the court's determination that the waiver was signed in open court (*see generally People v Terry*, 225 AD2d 1058 [1996], *lv denied* 88 NY2d 886 [1996]).

We reject the further contention of defendant that his waiver of the right to a jury trial was not knowing, intelligent and voluntary. Although the court's colloquy was interrupted, it is evident from the record that the court emphasized to defendant that he was not obligated to proceed with the nonjury trial (*see generally People v Smith*, 6 NY3d 827, 828 [2006], *cert denied* 548 US —, 126 S Ct 2971 [2006]).

We agree with defendant, however, that the evidence is legally insufficient to establish that he evinced an intent to use the screwdrivers in the commission of a burglary or similar offense and thus that the court erred in denying his motion to dismiss the count charging possession of burglar's tools (*see* Penal Law § 140.35; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We therefore modify the judgment accordingly. We reject the further contention of defendant that the element of intent

in the burglary count was negated by his intoxication and thus that the burglary conviction is not supported by legally sufficient evidence (*see* Penal Law § 15.25). The conflicting evidence with respect to defendant's alleged intoxication presented a credibility determination for the factfinder to resolve (*see People v Tricic*, 34 AD3d 1319 [2006], *lv denied* 8 NY3d 850 [2007]).

Finally, we reject defendant's contention that the court abused its discretion in denying defense counsel's request for an examination to determine whether defendant was competent to assist in his own defense (*see* CPL 730.30 [1]). The court conducted an inquiry with respect to defendant's concerns, and the court had ample opportunity to observe defendant and to determine "that there [was] no proper basis for questioning the defendant's sanity" (*People v Armlin*, 37 NY2d 167, 171 [1975]; *see People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]). Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.