OPINION OF THE COURT
Memorandum.
Ordered, on the court’s own motion, that the appeals are consolidated for the purpose of disposition; and it is further, ordered that the judgment and order are reversed, on the law, on the facts, and as a matter of discretion in the interest of *58 justice, defendant’s motion to vacate the judgment of conviction is granted and the matter is remitted to the Criminal Court for a new trial.
Following a nonjury trial, defendant was convicted of one count of endangering the welfare of a child (Penal Law § 260.10 [1]) and four counts of sexual abuse in the third degree (Penal Law § 130.55). Prior to being sentenced on the foregoing charges, defendant moved, pursuant to CPL 330.30, to set aside the verdict on the ground that the jury waiver was untimely and inadequate. The Criminal Court denied the motion by order dated May 29, 2009. After sentencing, defendant moved, pursuant to CPL 440.10, to vacate the judgment of conviction on the ground that he had received the ineffective assistance of counsel, which motion was denied by order dated November 12, 2009. Defendant appeals from the judgment of conviction and, by permission, from the order denying his motion to vacate the judgment. By order dated February 17, 2010, this court consolidated the appeals for purposes of disposition.
With respect to the third-degree sexual abuse charges, defendant’s contention that a jury trial should attach to such charges, because they are serious offenses, is unpreserved for appellate review (see CPL 470.05 [2]). In any event, his contention has no merit since the charges, class B misdemeanors, do not carry a maximum statutory term of imprisonment greater than six months and no right to a jury trial attached (see People v Foy, 88 NY2d 742, 745 [1996]). Defendant is not otherwise entitled to a jury trial on the sexual abuse charges solely because a conviction thereon requires registration pursuant to the Sex Offender Registration Act (see e.g. People v Shewbarran, 188 Misc 2d 595 [App Term, 1st Dept 2001]).
As for the endangering the welfare of a child charge, defendant’s challenge to the validity of his waiver of the right to a jury trial is unpreserved for appellate review (see CPL 470.05 [2]; People v LaConte, 45 AD3d 699 [2007]; People v Magnano, 158 AD2d 979 [1990], affd 77 NY2d 941 [1991]). While defendant did raise this argument in his CPL 330.30 motion to set aside the verdict, raising such an argument for the first time in a CPL 330.30 motion is insufficient to preserve the claim for appellate review (see People v Padro, 75 NY2d 820, 821 [1990]; People v Stewart, 71 AD3d 797 [2010]; People v Hutchinson, 57 AD3d 565 [2008]). Nevertheless, under the facts of this case, we review this contention in the interest of justice.
Criminal Procedure Law § 320.10 states, in pertinent part, that a defendant “may at any time before trial waive a jury trial *59 and consent to a trial without a jury . . . Such waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court.” While the statutory language provides that the waiver be made “before trial,” courts have generally upheld waivers executed early in the proceedings, as long as the waivers are made knowingly, voluntarily and intelligently (see e.g. People v Thomas, 292 AD2d 550 [2002] [upholding waiver of jury trial made after the jury was sworn, but before opening statements]; People v Williams, 289 AD2d 48 [2001] [upholding waiver of jury trial made after selection of several jurors]; People v Rodriguez, 186 AD2d 63 [1992] [upholding waiver of jury trial made after selection of several jurors]; People v Satcher, 144 AD2d 992 [1988] [upholding waiver of jury trial made after first prosecution witness had testified]).
Here, however, defendant executed the waiver on the second day of trial after three prosecution witnesses — including the complainant — had already testified. Although the court advised defendant of his right to a jury trial and asked defendant whether he consulted with his attorney about the “ramifications of this,” the court’s inquiry fell short of ensuring that defendant’s belated waiver was entered knowingly, voluntarily and intelligently. Having procured the waiver on the second day of a three-day trial, after the complainant had testified, the court should have advised defendant of his right to a mistrial and retrial before a jury, and explained the consequences of his waiver (see People v Finkle, 262 AD2d 971, 973 [1999]). In light of the circumstances surrounding the waiver, we conclude that the waiver was invalid and, thus, the judgment of conviction must be reversed and a new trial granted. Moreover, we note that counsel’s failure to object to the waiver is one of many omissions which rendered counsel’s assistance ineffective and constitutes an additional basis for reversal.
To establish a claim of ineffective assistance of counsel, a defendant must “demonstrate the absence of [any] strategic or other legitimate explanations for counsel’s failure[s]” (People v Rivera, 71 NY2d 705, 709 [1988]). While unsuccessful trial tactics, alone, do not establish ineffectiveness, a defendant is still entitled “to have counsel conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself time for reflection and preparation for trial” (People v Bussey, 6 AD3d 621, 623 [2004] [internal quotation marks omitted]). Here, counsel’s failure to *60 conduct such investigations rendered his representation less than meaningful (see People v Baldi, 54 NY2d 137, 146-147 [1981]). In a case which depended exclusively on the complaining witness’s credibility, a reasonable investigation was fundamental to the defense. However, counsel failed to subpoena the complainant’s school, psychiatric and medical records, failed to raise proper and timely objections at trial, and never obtained the file from defendant’s prior attorney. Counsel had no tactical or otherwise legitimate explanation for such failures. In these circumstances, where defendant’s guilt or innocence was based primarily on the perception of his conduct as viewed through the eyes of a teenager, counsel’s failures denied defendant the effective assistance of counsel.
Accordingly, the judgment and order are reversed, defendant’s motion to vacate the judgment of conviction is granted, and the matter is remitted to the Criminal Court for a new trial.
Weston, J.E, Rios and Steinhabdt, JJ., concur.