# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

195
KA 10-00821
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

JOSEPH A. COHENS, DEFENDANT-APPELLANT.

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER W. SCHLECHT OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from a judgment of the Cayuga County Court (Stephen R. Sirkin, A.J.), rendered October 30, 2009. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Defendant failed to preserve for our review his contention that County Court violated his right to a jury trial by offering to impose the minimum lawful sentence if he agreed to waive the right to a jury trial and instead to proceed with a bench trial (*see People v Sanchez*, 306 AD2d 86, *lv denied* 1 NY3d 580; *see also People v Dixon*, 50 AD3d 1519, *lv denied* 10 NY3d 958). In any event, in light of defendant's extensive experience with the court system and the fact that he was represented by counsel, we conclude that defendant's right to a jury trial was not violated by the conditional promise of the court to impose the minimum sentence (*see People v Daniels*, 209 AD2d 340, 341; *cf. People v Nicholson*, 35 AD3d 886, 888-889; *see generally Sanchez*, 306 AD2d at 86).

Defendant further contends that the verdict is inconsistent or repugnant because the court dismissed the charge of menacing in the second degree (Penal Law § 120.14 [1]) but found him guilty of criminal possession of a weapon in the third degree based on his possession of a knife. We reject that contention. The record reflects that defendant was charged with two counts of criminal possession of a weapon, based on his possession of a knife and a two-by-four piece of wood, respectively, and the court acquitted defendant of the count based on his possession of the piece of wood. According to the People's bill of particulars, however, the menacing charge was

based on defendant's use of "both" the knife and the piece of wood. Thus, in dismissing the menacing count, the court apparently found that the People did not prove that defendant intentionally placed or attempted to place the victim in reasonable fear of physical injury, serious physical injury or death by displaying "both" the knife and the piece of wood. We therefore conclude that the court's dismissal of the menacing count did not necessarily negate any element of the count of which defendant was convicted, which involved his possession of the knife, and that the verdict thus was neither inconsistent nor repugnant (*see People v Rayam*, 94 NY2d 557, 561-563; *People v Bray*, 46 AD3d 1232, 1234).

We reject defendant's contention that his use of the weapon was justified under Penal Law § 35.20 (2) and thus that the evidence is legally insufficient and the verdict is against the weight of the evidence. Because the possession of a weapon is distinct from the use of such weapon, "there are no circumstances when justification . . . can be a defense to the crime of criminal possession of a weapon" (*People v Pons*, 68 NY2d 264, 267; *see People v White*, 75 AD3d 109, 122-123, *lv denied* 15 NY3d 758; *People v Abdul-Hakeem*, 172 AD2d 177, *lv denied* 78 NY2d 960, 964). Similarly, the fact that the knife held by defendant during the incident was not recovered does not render the evidence legally insufficient or the verdict against the weight of the evidence (*see People v Wade*, 274 AD2d 438, *lv denied* 95 NY2d 939).

Defendant failed to preserve for our review his additional contention that his right to due process was violated by the admission of knives recovered from his home resembling the knife at issue (*see* CPL 470.05 [2]). In any event, that contention also lacks merit because it merely goes to the weight to be accorded such evidence, not its admissibility (*see People v Malcolm*, 216 AD2d 118, 119). Finally, we reject defendant's challenge to the severity of the sentence inasmuch as he received the minimum legal sentence for a second felony offender.

Entered: February 18, 2011                    Patricia L. Morgan
                                              Clerk of the Court