■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT MCDUFFIE, Appellant. [943 NYS2d 594]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered August 8, 2008, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was charged with two counts of murder in the second degree and one count of criminal possession of a weapon in the second degree, and proceeded to a jury trial. After the first day of jury deliberations, juror No. 1, the foreperson,

informed the court that she did not want to continue serving on the jury. The court gave defense counsel an opportunity to confer with the defendant in the back of the courtroom about whether he wanted to substitute an alternate juror. During the discussion, the court called another case.

When the defendant's case was recalled, the court, without speaking to the defendant, signed a jury substitution waiver form that had apparently also been signed by the defendant. The alternate juror was seated. The jury proceeded to deliberate and reached a verdict.

On appeal, the defendant challenges the validity of the jury substitution waiver. Although his challenges are unpreserved for appellate review, we reach them in the interest of justice (*see* CPL 470.15 [6]; *People v Nicholson*, 35 AD3d 886, 888 [2006]).

The New York State Constitution "includes the right to a jury of 12. Substitution of an alternate juror following submission of the case to the jury violates this right and is therefore impermissible unless the defendant has waived a jury trial" (*People v Page*, 88 NY2d 1, 3 [1996]). The State Constitution requires that a criminal defendant sign a jury waiver in open court, before and with the approval of a judge (*see* NY Const, art I, § 2). CPL 270.35 provides that, in order to substitute a juror after deliberations have begun, a defendant must consent in writing, and such writing must be signed by the defendant in open court in the presence of the judge (*see* CPL 270.35 [1]). "[T]he safeguards afforded by CPL 270.35 are identical to and coextensive with the constitutional requirements for valid waiver of a jury trial" (*People v Page*, 88 NY2d at 10). "Such constitutional requirements are not lightly disregarded. To the contrary, express provisions of our Constitution should be vigilantly enforced and the rights they protect zealously guarded" (*id*. at 9-10). Further, "a defendant's waiver of his right to be tried without a jury must be 'knowing' and 'intelligent' " (*People v Davidson*, 136 AD2d 66, 69 [1988], quoting *People v Duchin*, 12 NY2d 351, 353 [1963]).

Here, the Supreme Court discharged juror No. 1 upon her request and substituted an alternate. Although the defendant and his counsel executed a written consent to the substitution, there is nothing in the record indicating that the written consent was signed in open court in the presence of the court (*see People v Teatom*, 91 AD3d 1025 [2012]). Rather, the defendant signed a waiver during the time the court was hearing another case. Moreover, there is nothing in the record indicating that the court questioned the defendant in connection with the waiver in order to ensure that his actions were knowingly and

understandingly undertaken or that the waiver itself was executed in open court (*see People v Badden*, 13 AD3d 463 [2004]; *People v Davidson*, 136 AD2d at 68; *cf. People v Brunson*, 307 AD2d 323, 324 [2003]). Under these circumstances, it cannot be said that the defendant's election to substitute the juror complied with the New York State Constitution or CPL 270.35, or was made "knowingly and understandingly, based on an intelligent, informed judgment" (*People v Nicholson*, 35 AD3d at 889 [internal quotation marks omitted]). Accordingly, we order a new trial. Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.