THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. KAPPEN, Appellant. [38 NYS3d 215]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (St. George, J.), rendered October 9, 2012, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant participated in a scheme to transport cocaine from California to New York by secreting it inside of a flat screen television and shipping it via UPS to an auto servicing store where an accomplice worked.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

Although the prosecutor improperly elicited testimony which constituted inadmissible hearsay, the grand jury proceeding did not fail to conform to the requirements of CPL article 190 to such a degree that the integrity thereof was impaired and, in view of the sufficiency of the independent, admissible proof which supported the indictment, no prejudice to the defendant could have resulted from the improperly elicited testimony (see People v Simon, 101 AD3d 908, 909 [2012]; People v Miles, 76 AD3d 645 [2010]; People v Read, 71 AD3d 1167, 1168 [2010]; People v Walton, 70 AD3d 871, 873 [2010]).

The defendant contends that double jeopardy precluded his second trial and required dismissal of the indictment because the evidence against him at his first trial, which ended in a mistrial, was legally insufficient to support a conviction (see

*People v Dann*, 100 AD2d 909 [1984]; *People v Tingue*, 91 AD2d 166 [1983]; *Rafferty v Owens*, 82 AD2d 582 [1981]). However, since the defendant himself sought and obtained a mistrial without prejudice, he waived his present claim that the second trial constituted double jeopardy (*see United States v Scott*, 437 US 82, 93 [1978]; *Matter of Gorghan v DeAngelis*, 7 NY3d 470, 473 [2006]; *Matter of Davis v Brown*, 87 NY2d 626, 630 [1996]; *People v Ferguson*, 67 NY2d 383, 388 [1986]; *People v Nicholson*, 35 AD3d 886, 889-890 [2006]; *People v Brown*, 147 AD2d 579, 580 [1989]).

Contrary to the defendant's contention, the Supreme Court properly gave the jury an expanded knowledge charge. That the evidence of the defendant's guilt was circumstantial, and his possession of the cocaine was accessorial and constructive, did not constitute a bar to the charge as given (*see People v Ford*, 66 NY2d 428, 442-443 [1985]; *People v Sierra*, 45 NY2d 56, 60 [1978]; *People v Reisman*, 29 NY2d 278, 285 [1971]; *People v Brown*, 133 AD3d 772, 773 [2015]; *People v Skyles*, 266 AD2d 321, 322 [1999]; *People v Cuesta*, 199 AD2d 101, 101-102 [1993]).

The record supports the Supreme Court's determination that it was not necessary to either disqualify a juror who expressed discomfort at rendering a verdict after it came to her attention that a relative of the defendant might be a student at the school her daughter attended or conduct a more probing inquiry regarding her ability to continue to serve on the jury. The court fully explored the nature of the juror's concerns during an in camera proceeding, at which the court conducted a "probing and tactful inquiry" and made a "careful consideration of the juror's answers and demeanor" (*People v Paige*, 134 AD3d 1048, 1054 [2015] [internal quotation marks omitted]; *see People v Mejias*, 21 NY3d 73, 79 [2013]; *People v Buford*, 69 NY2d 290, 299 [1987]), and providently exercised its discretion in finding that the juror did not possess a state of mind that would have prevented her from rendering an impartial verdict and, therefore, was not grossly unqualified (*see People v Parrilla*, 27 NY3d 400 [2016]). Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.